WM. A. CREAMER, plaintiff in error, *vs.* ELIZA CREAMER and N. A. SMITH, Solicitor General, defendants in error.

1. Where the Solicitor General is appointed to see that the grounds of a divorce are legal, and sustained by proof, (under Section 1730, Rev. Code) he may introduce evidence, and enter fully into the defence of the case.

2. The Court has no authority to order the husband to pay the Solicitor General for this service. Counsel fees are allowed as "expenses of litigation," and can be granted only on the application of the wife.

Divorce. (Fees of Solicitor General appointed by the Court.) Decided by Judge VASON. Decatur Superior Court. April Term, 1867.

This was a libel for divorce pending *ex parte.* The Court appointed the Solicitor General to see that the grounds of the action were legal and sustained by the proof.

At the trial, the Solicitor General proposed to enter fully into the defence of said cause, and offered evidence of recrimination against complainant. He was allowed to introduce such testimony, although it was objected to by complainant's solicitor.

Afterwards, upon motion of the Solicitor General, the Court, against the protest of complainant's solicitor, ordered complainant to pay the Solicitor General fifty dollars as a fee.

The allowance of this general defence and introduction of testimony, and the order of the Judge as to the fee, are assigned as error.

R. F. LYON, for plaintiff in error, cited §§1578, 1687, 1688, 1689, 1690 and 1696 of the Code.

W. A. HAWKINS for N. A. SMITH, Solicitor General, for defendants in error.

WALKER, J.

1. Where a divorce case is proceeding *ex parte*, it is the duty of the Judge to see that the grounds are legal, and sustained by the proof, or to appoint the Solicitor General, or some other attorney of the Court, to discharge that duty for him, Rev. Code, Sec. 1730. This provision was doubtless incorporated in our law to prevent divorces from being collusively obtained. The grounds of divorce are specified with particularity, and it is made the duty of the Judge before a divorce is procured, to see that the party obtaining it, is under the law and the evidence entitled to it. The provision on the subject was not intended as a mere form, but imposes a serious duty upon a Judge to see that the laws are faithfully administered in this regard. It certainly was right and proper for the Solicitor General to bring to the knowledge of the Court and jury any fact in his power to show that the applicant was not, according to the laws of the State, entitled to a divorce. He is entitled to credit for his efforts in behalf of our public policy ; whether he can be compensated, must depend upon the "discretion of the Governor." Rev. Code, Sec. 1640.

2. On motion, the Court ordered the libellant to pay fifty dollars for the services of the Solicitor General in defending the case, and this order is excepted to. We are not aware of any provision of law justifying such an order. If it would be allowable at all, we suppose it could come in only as "expen-

ses of litigation," and would seem to be granted only on the application of the wife. Rev. Code, Sec. 1732. In the absence of any express provision to justify the granting of this order, perhaps it would be better to leave the question of the compensation of the State's officer, for services of this character, to the discretion of the Governor, who may, if the State be an interested party, pay the fee.

Judgment reversed.