## 27767. WILLIFORD v. WILLIFORD.

Gunter, Justice. In this case the husband brought an action for divorce against the wife. The trial judge heard the case, and at the conclusion thereof he entered judgment divorcing the parties. The former wife has appealed.

The record contains no transcript of what happened at the trial. However, the record on appeal does contain a "stipulation of facts" signed by counsel for both parties and a "statement of facts" signed by the trial judge.

The wife opposed the divorce in the trial court. The first enumerated error complains that the husband, on cross examination, admitted to having committed adultery; because of this admission he was not entitled to a divorce; and the trial court erred in granting the divorce.

Code § 30-109 provides in part as follows: "And in all cases, the party sued may plead in defense the conduct of the party suing, and the jury may, on examination of the whole case, refuse a divorce."

We do not interpret this statute to mean that a jury must deny a divorce when the moving party for the divorce admits to having committed adultery. The jury may

refuse a divorce in such circumstances, but in such circumstances the jury may, on examination of the whole case, grant a divorce. This enumerated error is without merit.

The second error alleged on appeal is that the trial court failed to grant a continuance requested by the wife when the case was called for trial. An affidavit by a physician was made a part of the record. The affidavit was to the effect that the wife was suffering from a medical condition and appearance in court would be detrimental to her health on the date assigned for the trial. The trial judge in his "statement of facts" said: "It further appeared to the court from testimony that the condition of Mildred W. Williford was, in fact, chronic."

Code § 81-1412 provides: "If either party shall be providentially prevented from attending at the trial of any cause, and the counsel of such absent party will state in his place that he cannot go safely to trial without the presence of such absent party, such cause shall be continued, provided his continuances are not exhausted."

Under the facts contained in the record, whether a continuance should be granted was a matter within the legal discretion of the trial judge. See *Leathers v. Leathers,* 132 Ga. 211 (63 SE 1118).

Under the circumstances presented by this record, it was not error for the trial judge to refuse a continuance on motion of appellant's counsel.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1973—DECIDED MAY 10, 1973.

*R. Bruce Lowry, Lowry & Henritze,* for appellant.
*Grady C. Pittard, Jr.,* for appellee.