## 28386. IMPERIAL MASSAGE & HEALTH STUDIO, INC. v. LEE.

NICHOLS, Justice. The District Attorney of the Houston Judicial Circuit filed an action against the appellants to abate a nuisance alleged to be existing in violation of Code Chapter 72-3. Thereafter an order was entered by consent of the parties which ordered the practices alleged to be a nuisance to cease, but which permitted the appellants' business to otherwise operate. Still later the appellants obtained other attorneys to represent them and the present appeal was filed. Enumerated as error is the consent judgment and the permitting of extensive pre-trial publicity which had the effect of coercing appellants into signing the consent order. *Held:*

1. Assuming but not deciding that in a proper case pre-trial publicity unchecked could result in coercion to a party, yet where such question was not raised in the trial court it cannot be raised for the first time on appeal. Compare *Hart v. State,* 227 Ga. 171 (179 SE2d 346); *Ford v. Herberman,* 227 Ga. 751 (183 SE2d 204), and citations.

2. In the absence of fraud or mistake, a party cannot complain of a judgment, order, or ruling that his own conduct produced or aided in causing. *Don v. Don,* 162 Ga. 240 (133 SE 242); *Bennett v. Bennett,* 210 Ga. 721 (2) (82 SE2d 653); *Turner v. McGee,* 217 Ga. 769, 772 (125 SE2d 36); *Dance v. Smith,* 223 Ga. 328 (1) (155 SE2d 110); *Durham v. Spence,* 228 Ga. 525, 528 (186 SE2d 723). No fraud or mistake being shown, the appellants cannot complain of the judgment entered by consent and the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1973 — DECIDED NOVEMBER 29, 1973.

*Galin & Friedman, Stanley H. Friedman,* for appellants.
*R. Joneal Lee, District Attorney,* for appellee.