## 29134. HARWELL v. HARWELL.

UNDERCOFLER, Justice.

On November 20, 1972, Jo Ann H. Harwell filed a complaint for divorce against Otis C. Harwell on the ground of cruel treatment. On October 16, 1973, the jury returned a verdict for the husband and denied the divorce. The wife filed a new claim for divorce on November 27, 1973, on the ground that the marriage was irretrievably broken. The husband answered the complaint and demanded a jury trial. The jury granted the wife a divorce, the home, certain other property, and child support payments. The husband appeals to this court. *Held:*

1. The appellant husband contends that the trial court erred in allowing evidence of acts and circumstances prior to the verdict of October 16, 1973, in proof that the marriage was "irretrievably broken." He argues that the principle of res judicata bars further

litigation of these issues.

The doctrine of res judicata provides that a judgment of a court of competent jurisdiction is conclusive between the same parties as to all matters put in issue or which might have been put in issue. Code § 110-501. This is a rule of expediency and justice. It is designed to end litigation. However, it is frequently a nice question as to what is barred by the rule.

Here the verdict of October 16, 1973, established that the defendant-husband was not guilty of cruel treatment. The issue of whether the marriage was "irretrievably broken" was not actually litigated. Presumably it was not made an issue because the statute establishing it as a ground for divorce became effective after the filing of the suit but before trial. Appellant contends nevertheless that under the principle of res judicata it could have been put in issue and therefore the verdict of October 16, 1973, establishes that the marriage was not "irretrievably broken" at that time. He argues therefore that evidence of acts and circumstances prior to October 16, 1973, are not admissible in this subsequent suit.

Proof of fault is not required to show a marriage is "irretrievably broken." The parties do not specifically complain of the other's conduct. They merely state that their marital differences are insoluble and request a change of status. The only question is whether there are prospects for a reconciliation. It is a candid way of describing their problem. In the event they can agree upon financial matters and custody of children, they can avoid charging each other with specific misconduct.

A finding that a marriage is not "irretrievably broken" is a finding that a reconciliation may be possible. The finding is prospective in the sense that "all hope is not lost" and the parties may yet resolve their differences. It is not a finding that the parties must reconcile their differences. Obviously the denial of a divorce does not insure that the parties will even attempt to preserve the marriage and cohabit. Therefore new acts or a reasonable lapse of time after an adverse verdict authorize a new suit. The subsequent suit being authorized all evidence of the marital relation is ad-

missible for the purpose of showing it is "irretrievably broken." This is not a typical divorce suit where a party is charged with specific misconduct and the jury finds no misconduct. An "irretrievably broken" marriage is one where either or both parties are unable or refuse to cohabit and there are no prospects for a reconciliation. Circumstances relating to this issue are cumulative. Therefore once a new action is found to be authorized all relevant evidence is admissible.

Here it is shown that the wife's original complaint was the husband's excessive drinking. After the first trial in which a divorce was denied the husband moved back into the home where the wife and children lived. The husband was drunk at the time and the wife and children left. In our opinion this conduct was sufficient to maintain this new suit for divorce on the ground that the marriage was "irretrievably broken" and all evidence of the marriage relation was admissible. The objections to the evidence and motion for directed verdict were properly overruled.

2. The appellant contends that the trial court erred in charging the jury that they could award alimony to the wife because she had abandoned a claim therefor in her testimony.

Ga. L. 1968, pp. 1072, 1078 provides: "(a) Except as otherwise provided in this section, in all civil cases, no party may complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury . . ." Code Ann. § 70-207.

The appellant was given the opportunity to object to the charge of the court. He did not object to the charge on alimony for the wife and therefore cannot now complain of the charge.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

Argued September 13, 1974 — Decided October 8, 1974 — Rehearing denied October 25, 1974.

*Harrison & Garner, G. Hughel Harrison,* for appellant.

*Joseph E. Cheeley, Jr.,* for appellee.

INGRAM, Justice, dissenting.

I respectfully dissent to Division 1 of the court's opinion and to the judgment of affirmance in this case. The appellee was denied a divorce from appellant on the ground of cruel treatment by a jury verdict rendered October 16, 1973. Appellee's motion for a new trial was dismissed on November 26, 1973, and there was no appeal therefrom. Prior to the trial of that case in October, there became effective, on July 1, 1973, an additional ground of divorce (Code Ann. § 30-102 (13)) that the marriage is irretrievably broken. Nevertheless, the appellee went to trial in October and asked the jury to grant a divorce only upon the ground of cruel treatment. She lost that case despite the evidence shown at that trial. Instead of seeking a divorce at that time on the additional ground which had become available to her, or of appealing the adverse verdict, the appellee chose to file the present action for divorce on November 27, 1973, on the ground that the marriage was irretrievably broken. In my view, this ground was available to the appellee at the first trial and should have been used unless the evidence in the second case consisted of acts and circumstances occurring since the termination of the first case.

Our Code declares that a judgment of a court of competent jurisdiction shall be conclusive as to all matters put in issue or which under the rules of law might have been put in issue. Code § 110-501. The appellee argues she could not have amended her complaint to add the additional ground that the marriage was irretrievably broken because "[h]er cause of action for divorce arose out of conduct that occurred before she filed her complaint." I do not believe this is a completely correct statement of the law, but, even if it is accepted as correct, there is no reason why this same "conduct that occurred before she filed her complaint" could not also have been urged as a basis for a divorce on the additional ground. In other words, the prior conduct of appellant,

which the jury found did not constitute cruel treatment, could have been used at the first trial to prove the marriage was irretrievably broken. This same conduct was shown by the appellee at the second trial and the jury granted a divorce on the ground that the marriage was irretrievably broken. Since this ground could have been urged at the first trial, it was error in my judgment to permit the use of the same evidence at the second trial.

For illustrative cases indicating that it is permissible to add a second ground for divorce by way of amendment, see *Phinizy v. Phinizy,* 154 Ga. 199 (1 a) (114 SE 185), holding that a petition for divorce on the ground of desertion can be amended by adding cruel treatment as a ground; *Newton v. Newton,* 196 Ga. 522 (1) (27 SE2d 31), holding that a suit for divorce based on the ground of desertion may be amended by alleging adultery of the defendant occurring prior to the filing of the suit; and *Rowell v. Rowell,* 209 Ga. 572 (3, 4) (74 SE2d 833), holding that it was error to strike an amendment to the defendant's answer and cross-action in which he sought to allege adultery by his wife occurring subsequent to their separation and the filing of her suit for divorce.

I find nothing inconsistent about seeking a divorce on both the ground of cruel treatment and on the ground the marriage is irretrievably broken. If they are not inconsistent grounds and both were available to the appellee at the first trial, I do not see why the earlier adverse verdict and judgment are not res judicata. This salutary doctrine has been applied down through the years in divorce cases and is applicable to this one. "A party who has once filed a suit for divorce on the ground of cruel treatment, which suit resulted in a verdict and decree adverse to the libellant, is not barred from thereafter filing a second petition on the same ground, but based on different acts, all of which were committed since the date of the former trial. *Slaughter v. Slaughter,* 190 Ga. 229 (9 SE2d 70)." *Cohen v. Cohen,* 194 Ga. 573 (1) (22 SE2d 132). The test is whether the acts relied upon by the plaintiff could have been alleged in the former suit and passed on by the court in that case. If so, the law does not authorize a second adjudication and that is what took place in the present case.

Perhaps it can be argued in this case that there was sufficient new evidence of the irretrievably broken marriage to support the present verdict without considering the evidence of acts and circumstances occurring prior to the adjudication in the first case. The problem with this kind of rationalization is that the jury in the second case may or may not have granted the divorce based solely on the new evidence. Since there is no way to measure the impact on the jury of the evidence of the prior conduct, I would reverse and require a new trial where the evidence relating to the irretrievably broken marriage would be limited to the circumstances of the marriage subsequent to the adjudication of the grounds for divorce which were in issue, or could have been put in issue, in the first case.

In my opinion, the appellee in a new trial would have no great burden proving this marriage is irretrievably broken. No proof of fault is necessary and the evidence need only show the condition of the marriage and prospects for reconciliation. See Professor Gozansky's article, No-Fault Divorce Comes to Georgia? Vol. 10, No. 1, Ga. State B. J., pp. 9-15.

In summary, I cannot agree that a party seeking a divorce on the ground of cruel treatment who loses that case can thereafter file a second complaint for divorce and use the same facts to obtain the divorce on another ground that was available in the first case. Therefore, I dissent to the majority's decision that a new action is authorized on old facts where there has been an intervening adjudication.