29215. FRIEDMAN v. FRIEDMAN.

PER CURIAM.

Debra S. Friedman filed a complaint against Julian

R. Friedman for temporary and permanent alimony, child support, custody of their two children and title and possession of the house and furnishings. Temporary alimony and child support was awarded to the wife. The husband then filed a complaint for divorce on the ground that the marriage of the parties was irretrievably broken. Code Ann. § 30-102 (13) (Ga. L. 1973, p. 557). The actions were consolidated for the purpose of trial. The wife filed an answer and cross action to the husband's complaint for divorce and alleged that she was entitled to a divorce on the ground that the marriage was irretrievably broken and on the ground of cruel treatment. She averred that the parties had lived in a bona fide state of separation since December, 1972. She sought custody of the children, temporary and permanent alimony, child support, title and possession of the house and furnishings and a jury trial. The husband admitted in his answer to the cross action that the marriage was irretrievably broken but denied the allegations of cruel treatment.

The husband moved for a judgment on the pleadings under Code Ann. § 81A-112 (c) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). He attached an affidavit in which he asserted that the marriage was irretrievably broken and that the parties had lived in a bona fide state of separation since December 1972.

The trial court held that since the parties admitted in their pleadings that the marriage was irretrievably broken there was no genuine issue of fact to be decided by a jury. The court granted a divorce to both parties on that ground and held that the judgment awarding alimony and child support remained in full force and effect and was not affected by the judgment. The wife appeals to this court. *Held:*

1. The wife enumerates as error the granting of a divorce by the trial court without hearing oral evidence.

Since the wife in this case contended that she was entitled to a divorce on the ground that the marriage was irretrievably broken and the court granted a divorce on this ground, she can not now complain because "one cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing."

*Henley v. Henley,* 217 Ga. 612 (124 SE2d 86); *Dodd v. Dodd,* 224 Ga. 746 (164 SE2d 726); *Imperial Massage &c. Studio v. Lee,* 231 Ga. 482 (2) (202 SE2d 426).

*Reynolds v. Reynolds,* 217 Ga. 234 (123 SE2d 115) will not be followed because the public policy of this state has been changed with the adoption of the statute providing for divorce on the ground that the marriage is irretrievably broken. Code Ann. § 30-102 (13) (Ga. L. 1973, p. 557).

2. The wife contends that the trial court erred in not complying with her demand for a jury trial since she had also demanded a divorce on the ground of cruel treatment and the husband had denied the allegations of cruel treatment.

Division one of this opinion holds that a divorce granted by the trial court on the ground that the marriage was irretrievably broken can not be attacked here by the wife. Therefore there is no issue of fact to be decided by a jury on the question of divorce on the ground of cruel treatment.

3. The trial court in its judgment held that the judgment awarding alimony and child support remained in full force and effect and was not affected by the divorce judgment. This ruling amounted to a reservation to determine the question of permanent alimony after the divorce became final. "Alimony may be granted after a decree of divorce, if the right to have it subsequently determined is reserved therein, provided application therefor is made before the action has become stale." 27A CJS 1024, § 231; *Zuber v. Zuber,* 215 Ga. 314 (1) (110 SE2d 370).

*Judgment affirmed. All the Justices concur, except Nichols, P. J., Undercofler and Ingram, JJ., who dissent.*

Argued October 15, 1974 — Decided November 5, 1974 — Rehearing denied November 26, 1974.

*Calhoun, Sims & Donaldson, John R. Calhoun,* for appellant.

*Lewis & Javetz, Emanuel Lewis,* for appellee.

GRICE, Chief Justice, concurring.

In my view there is no public policy which requires that a divorce be granted only upon the appearance and oral testimony of the complainant.

In the *Reynolds* case, 217 Ga. 234, supra, the writer, speaking for himself and the then Justice Mobley, on pages 276-277 expressed that view, which warrants restatement here.

"Regardless of what may be the practice in any other jurisdiction, such as the District of Columbia, I find no basis, either in statutes or decisions of the courts of this state for the holding made here. True, the law does and should hinder facility in the procurement of divorces. But it does not require any different method for presenting the evidence which authorizes the divorce. In fact, the legislature of this state has recently provided that 'The same rules of pleading and practice applicable to ordinary civil actions, including those laws relating to the appearance day and the trial or "return" term of cases shall apply to actions for divorce . . .' (Ga. L. 1958, p. 315; Code Ann. § 30-113). It is easy to contemplate situations where one party to a marriage, who has sued for divorce, is, due to providential cause, unable to attend the trial and thus cannot appear personally to establish a deserving case for divorce. Could it be soundly contended that under those circumstances his grounds could not be established by his written testimony read at the trial? If such were the rule, many miscarriages of justice would result, particularly where property rights are involved.

"In this State, while there may be practices or customs obtaining in particular jurisdictions that parties present their evidence by personal appearance, it is a fact that literally thousands of valid divorces have been obtained through testimony taken either by oral depositions or written interrogatories. The holding here, as to the necessity for personal appearance, although confined to the facts of the instant case, is a departure and is, in my view, unauthorized."

What was said some thirteen years ago still applies today. In this connection Code Ann. § 30-113, supra, has since been amended so as to provide in material part as

follows: "The same rules of pleading and practice applicable to ordinary civil actions shall apply to actions for divorce, alimony and custody of minor children . . ." Ga. L. 1967, pp. 226, 246.

I find no valid basis for the contention made here by the minority that the party seeking a divorce must be physically present and give oral testimony.

UNDERCOFLER, Justice, dissenting.

In my opinion the public policy requiring that divorces shall only be granted upon the appearance and oral testimony of the complainant has not been altered by the statute authorizing divorces on the ground that they are irretrievably broken.

As stated in *Reynolds v. Reynolds,* 217 Ga. 234, 249 (123 SE2d 115): "It is the duty of the court in all divorce cases to stand as a representative of the State and protect its interests. Yeager v. Yeager, 43 Ind. App. 313 (87 NE 144). But, how can this be done when the complaining party does not appear and orally testify. Under such circumstances, the court is denied the right of cross examination, and also the opportunity to observe the manner and demeanor of the witness while testifying. 'The power of cross examination has been justly said to be one of the principal, as it certainly is one of the most efficacious, tests, which the law has devised for the discovery of truth.' Greenleaf Evid. (16th Ed.) § 446. Experience has demonstrated that one of the surest ways to determine the credibility of any witness is to observe the manner and demeanor of that witness on the stand. Without this opportunity to observe, the court is unable to determine the just weight and value of the testimony. *In order that the trial court may discharge fully and completely its duty to the State, there must be the personal appearance of the plaintiff at the hearing.* (Italics ours)."

I am authorized to state that Presiding Justice Nichols and Justice Ingram concur in this dissent.

INGRAM, Justice, dissenting.

I have joined the dissent in this case written by Justice Undercofler because I think it is correct and because I believe the judgment of this court should be

controlled by the authorities cited in that dissent.

However, because of the far reaching implications of the majority decision, I feel compelled to state several additional reasons why I consider the majority opinion to be erroneous.

The fatal flaw which I see in the reasoning of the majority is the implicit assumption it makes that the legislature has changed the wise and historic public policy of this state in its official attitude toward marriage by the mere addition of another ground for divorce. As long as the memory of man runneth not to the contrary, our state has always indicated it had an interest in preserving the marriages of its citizens. Since at least 1867, this court has consistently said that a trial judge has a serious duty to see that a party seeking a divorce is entitled to it under the law and the evidence before a divorce is granted. See *Creamer v. Creamer,* 36 Ga. 618.

The statute there involved requires the judge, in an undefended case, to see that the grounds are legal and sustained by proof or to appoint the solicitor general (now district attorney) or some other attorney to discharge that duty of the judge. This same statute remains on the books today as Code Ann. § 30-129. Yet, a majority of this court has effectively said by its decision that the state no longer has any interest in the marriages of its citizens. A married person can now get a divorce after 30 days by a judgment on the pleadings without ever coming to court to face the judge and persuade him by sworn testimony that a divorce ought to be granted. I personally view this as grievous error because I believe it will encourage more divorces by impetuous couples who have a spat, file for a divorce and then let false pride carry them through to a quick final divorce simply because their lawyers have filed the papers in court.

In addition, I view the majority decision as directly violative of the provisions of Code Ann. § 30-113 which states that the "allegations of the pleadings shall be established by evidence." Where did the legislature say it intended to change these statutes and the public policy of this state so that the state no longer has any interest in the marriage? I cannot find it, nor does the majority reveal it. All the new statute (Ga. L. 1973, p. 557) says is

that a divorce is now authorized upon the additional ground that the marriage is irretrievably broken. This ground, like the pre-existing grounds, must still be proven and a divorce case brought on this ground is subject to the same procedural rules applicable to divorce cases brought on other grounds. Why? — Because the legislature did not change the existing divorce statutes and the mere addition of the new ground did not repeal them.

One inescapable irony of the majority decision is that proof the marriage is irretrievably broken actually requires the trial judge to be satisfied that there is no reasonable hope or expectation of a reconciliation between the parties. See *Harwell v. Harwell,* 233 Ga. 89. I believe many trial judges consistently make this inquiry in divorce cases brought on other grounds although it is not a part of the required proof in those cases. Some marriages can be saved by this simple inquiry of the applicant for divorce who, upon being confronted with the thought of a possible reconciliation, on reflection will ask for a postponement and then not return to pursue a final decree. For the first time in Georgia, the trial judge is charged with inquiring into the reasonable possibility of reconciliation between the parties when a divorce is sought on the ground the marriage is irretrievably broken. The irony is that, by the majority decision of this court today, the trial judge will not have to see or hear in court the parties involved in the divorce.

Thus I believe divorce cases will become more routine and impersonal and will soon be handled as default cases despite the provisions of Code Ann. § 30-113. Those people who might try to reconcile their differences and attempt to save their marriages if a superior court judge suggested such a possibility to them in open court will not do it now because the judge will not see them. The lawyers will simply file the papers in court and the marriage will proceed to final severance in an automatic fashion.

I cannot believe the legislature intended such fundamental changes in the policy of our state toward marriages, and, therefore, feel I must dissent to the majority decision which sweeps aside the important

public interest in marriage and divorce which has always been embodied in our law.