## 29772. MARSHALL v. MARSHALL.

JORDAN, Justice.

This appeal in a divorce action is from the grant of the husband's motion for judgment on the pleadings on the issue of divorce.

The wife's original complaint was based on the ground that the marriage was irretrievably broken. The husband's answer admitted this allegation. By counter-complaint he alleged that he was entitled to a divorce upon the grounds of cruel treatment and that the marriage was irretrievably broken. The wife amended her complaint by striking the paragraph alleging that the marriage was irretrievably broken, and substituting the ground of cruel treatment. She further alleged that: "Said cruel treatment was wilful and intentional on the part of the defendant and has made it impossibly for plaintiff to continue living with the defendant."

Thereafter the husband filed a motion for judgment on the pleadings on the issue of divorce only.

The trial judge granted the motion, specifically reserving for later determination the issues of temporary and permanent alimony, child custody, and visitation rights. A certificate for immediate review was signed by the judge.

In *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754), the husband filed a complaint for divorce on the ground that the marriage of the parties was irretrievably broken. The wife filed an answer and cross complaint alleging that she was entitled to a divorce on the ground that the marriage was irretrievably broken, and on the ground of cruel treatment. The trial court held that since the parties admitted in their pleadings that the marriage was irretrievably broken, there was no genuine issue of fact to be decided by a jury; and a divorce was granted to both parties on the pleadings. The wife appealed and asserted error on the grant of a divorce by the trial court

without hearing oral evidence. This court affirmed the trial court, holding that the wife had contended that she was entitled to a divorce on the ground that the marriage was irretrievably broken, that the court granted a divorce on this ground, and that she could not complain of the judgment which her own conduct had procured or aided.

In *Harwell v. Harwell,* 233 Ga. 89, 91, (209 SE2d 625) this court defined an "irretrievably broken" marriage as "one where either or both parties are unable or refuse to cohabit and there are no prospects for a reconciliation."

In the present case the wife alleged cruel treatment on the part of the husband which has made it impossible for her to continue to live with him. This was equivalent to allegations of her inability to cohabit with her husband and the absence of prospects for a reconciliation. This case, therefore, is controlled by the rulings in *Friedman v. Friedman,* 233 Ga. 254, supra.

The trial judge reserved questions of alimony and child custody for a later hearing. The wife will have an opportunity at that hearing to prove that she is the "party not in default" in the divorce proceeding with a prima facie right to the custody of the minor children under Code Ann. § 30-127 (Ga. L. 1957, pp. 412, 413; 1962, pp. 713, 714).

The trial judge did not err in granting a judgment on the pleadings on the issue of divorce.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., and Ingram, J., who dissent.*

Argued April 15, 1975 — Decided May 13, 1975.

*Westmoreland, Hall, McGee & Warner, John L. Westmoreland, Jr., William Terry Pickren, James M. Crawford,* for appellant.
*Robert B. Harris, Nancy Pat Phillips,* for appellee.

Ingram, Justice, dissenting.

The majority opinion skilfully excises the fault issues in this divorce case and reduces it to a no-fault case in order to justify the results in the trial court. Thus, the case becomes a part of the ongoing confusion in divorce

law and, as a result, this wife was denied her day in court to testify on the divorce issues in the case even though the court is directed by valid statutes (Code Ann. §§ 30-101 and 30-113) to hear evidence and determine all issues of law and fact.

I dissent. I am authorized to state that Presiding Justice Undercofler joins in this dissent.