## 30547. LITTLE v. LITTLE.

PER CURIAM.

The wife appeals from a final divorce decree entered in Fulton Superior Court on August 14, 1975, which incorporates an oral settlement agreement negotiated by the parties and their counsel at the interlocutory hearing in the case.

It is urged on appeal that the settlement was never finalized, that the trial court erred in denying the wife a hearing on temporary alimony and attorney fees, and that the trial court erred in hearing evidence on the divorce issue before the case was ripe for trial. In addition, the wife argues that the trial court also erred in entering the final decree without hearing evidence at that time and that she was denied her right to a jury trial on the divorce

and on the oral settlement agreement between the parties.

The record shows the husband filed a complaint for divorce on May 27, 1975, on the grounds of cruel treatment and the wife acknowledged service on May 29, 1975. The transcript of the hearing before the court on June 20, 1975, shows an oral but complete settlement agreement was negotiated by the parties and their counsel on that date and was approved by both parties and their lawyers. It was submitted to the trial judge for approval as the temporary order of the court and for inclusion in the final divorce decree. The parties also stated under oath to the trial judge that their marriage was irretrievably broken but the entry of the final divorce decree was not made by the trial judge until August 14, 1975, on written motion of husband's counsel. *Held:*

1. We find no error. The trial court was authorized to approve the terms of the oral settlement agreed to by the parties and to enter the same as the temporary order of the court and incorporate it in the final decree. See *Vereen v. Vereen,* 226 Ga. 500 (175 SE2d 865) (1970).

2. The prior written demand for a jury trial on the issues in this case must be construed as having been waived under the circumstances of this case. See *Dodd v. Dodd,* 224 Ga. 746 (164 SE2d 726) (1968).

3. The trial court was authorized to grant a final divorce on August 14, 1975, based upon the parties' earlier statements under oath to the court that their marriage was irretrievably broken. See *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974), and *Marshall v. Marshall,* 234 Ga. 393 (216 SE2d 117) (1975).

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs specially.*

ARGUED JANUARY 15, 1976 — DECIDED JANUARY 27, 1976.

*Claude E. Hambrick,* for appellant.
*Claude R. Ross, A. Russell Blank, Carnes & White, Charles R. Carnes,* for appellee.

INGRAM, Justice, concurring specially.
I concur in the judgment. In my opinion, it was error

for the trial court to hear evidence at the interlocutory hearing on June 20, 1975, on the grounds of the divorce. The complaint was filed on May 27, 1975, and served on May 29, 1975. In my view, the trial judge had no authority to hear evidence on the divorce at the interlocutory hearing, even with the consent of the parties. See Code Ann. § 81A-140 (b), and *Bradberry v. Bradberry,* 232 Ga. 651, 653 (208 SE2d 469) (1974). Of course, the trial court was authorized to consider the final divorce on August 14, 1975, but no evidence on the divorce was introduced at that time and, in my opinion, the law still requires that "the allegations of the pleadings *shall* be established by evidence." (Emphasis supplied.) See Code Ann. § 30-113. However, the error was harmless as the trial court did not enter the final decree until the case was ripe and it was based on the earlier testimony of both parties. The fact that evidence of the divorce was heard prematurely under the statute is insufficient to set it aside in this case because neither party is in a position to complain about it in view of their agreement and conduct at the interlocutory hearing. Therefore, I concur in Divisions 1 and 2 of the majority opinion and in the judgment affirming the trial court.