## 30466. WHITMIRE v. WHITMIRE.

HILL, Justice.

The question presented in this divorce case is: Where both parties seek a divorce on the ground that the marriage is irretrievably broken, does the trial court err in denying the divorce?

The trial court denied the divorce prayed for by both parties and the husband appeals. The husband filed his divorce petition alleging two grounds, cruel treatment by the wife and that the marriage was irretrievably broken. Code Ann. § 30-102 (10, 13). The wife filed a counterclaim for divorce upon the same two grounds. Both parties waived trial by jury. After trial before the court, divorce was denied to both parties on both grounds. The trial court ruled that a divorce on the grounds of cruel treatment was not authorized due to a finding of like conduct, citing Code Ann. § 30-109, *Reynolds v. Reynolds,* 217 Ga. 234, 268 (123 SE2d 115) (1961), and other cases. Regarding the "irretrievably broken" ground, the court ruled that "To authorize a divorce on this ground the evidence must show that both parties, acting in good faith, made every reasonable effort to provide a successful marriage, but through no fault of either the marriage became irretrievably broken." The court found that "The husband and wife have each proved overwhelmingly in this case that neither has in good faith made an effort to provide a successful marriage for a period of several months before this action was filed" and divorce was also denied on this ground.

That the marriage is irretrievably broken was added by the General Assembly as a ground for divorce in 1973, Ga. L. 1973, p. 557. It has been referred to as a "no fault" divorce. The trial court apparently interpreted this ground as meaning that the marriage became irretrievably broken through no fault of either party; i.e., that if either or both parties were at fault, a divorce could not be granted on the ground that the marriage was irretrievably broken.

The husband contends that in a divorce action where both parties assert that the marriage is irretrievably broken, there is no requirement that "the evidence must

show that both parties, acting in good faith, made every reasonable effort to provide a successful marriage" and that the marriage became irretrievably broken through no fault of either. The husband does not contend that the trial court erred regarding its findings that both parties were guilty of cruel treatment. The evidence shows that the parties had been quarreling, threatening, fighting, and even shooting. The effect of the trial court's order is to require these parties to reunite and make every reasonable effort to make a successful marriage, or remain separate and married.

In *Harwell v. Harwell,* 233 Ga. 89, 91 (209 SE2d 625)(1974), this court stated: "An 'irretrievably broken' marriage is one where either or both parties are unable or refuse to cohabit and there are no prospects for a reconciliation." Whether a possibility for reconciliation exists is of necessity a subjective test to be decided by the trier of facts. Where the issue is contested by one of the parties to the divorce action, as in *Harwell,* all relevant evidence is admissible to aid in this determination.

In *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974), the husband filed a divorce complaint on the ground that the marriage was irretrievably broken. The wife filed a counterclaim alleging cruel treatment and that the marriage was irretrievably broken. The husband moved for a judgment on the pleadings. The trial court held that there was no genuine issue of fact to be decided since both parties admitted that the marriage was irretrievably broken, and a divorce was granted to both parties on that ground without trial. The wife then appealed, contending that the trial court erred in failing to hear evidence prior to granting the divorce. This court affirmed, holding that where both parties seek a divorce and allege in their pleadings that the marriage is irretrievably broken, one party cannot later complain of the granting of the divorce without hearing evidence.

In a contested "irretrievably broken" divorce case, evidence of efforts to save the marriage, or the absence thereof, is to be considered with all other relevant evidence in determining whether there is a possibility of reconciliation. *Harwell v. Harwell,* supra. Where both parties aver in their pleadings, as in *Friedman v.*

*Friedman,* supra, as well as in the present case, that the marriage is irretrievably broken, there is no requirement that the evidence show that the parties made a good faith effort to make a successful marriage, nor that the marriage became irretrievably broken through no fault of either party. It was therefore error to refuse to grant a divorce to the parties on this ground.

*Judgment reversed. All the Justices concur, except Ingram, J., who dissents.*

ARGUED NOVEMBER 10, 1975 — DECIDED FEBRUARY 2, 1976.

*Schuder &Brown, George W. Brown, Jr.,* for appellant.

*Palmour, Palmour & Lawson, Robert W. Lawson, Jr.,* for appellee.