## 30833. LOFTIS v. LOFTIS.

GUNTER, Justice.

This appeal raises the issue of the power of the trial judge to grant a divorce when both parties to the marriage contend in verified pleadings filed in the case that each respectively has grounds for divorce. .

In this case the husband filed a complaint for divorce on the ground that the marriage was irretrievably

---

broken. The wife filed responsive pleadings in which she denied this allegation contained in the husband's complaint, but she sought a total divorce against the husband on the ground of cruel treatment.

The trial judge conducted a hearing and entered a temporary order covering all issues between the parties other than divorce. The temporary order was entered on November 12, 1975.

The trial judge then, on November 18, 1975, entered a final judgment of divorce, granted to both of the parties, pursuant to the husband's motion for judgment on the pleadings. This judgment reserved for decision all other issues in the case for the ultimate trier of fact.

The wife has appealed and enumerated one error in this court: "The lower court errored in its judgment, entered November 18, 1975, in granting appellee a divorce on his motion for judgment on the pleadings, and holding that the allegations contained in the pleadings in the case demonstrated the equivalent to mutual declarations by the parties of an inability to cohabit as husband and wife with no prospects of reconciliation."

The trial judge in rendering his decision in this case relied on and cited two decisions of this court. *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974) and *Marshall v. Marshall,* 234 Ga. 393 (216 SE2d 117) (1975).

In *Friedman* we held that since the appellant-wife had contended in her pleadings that the marriage was irretrievably broken, she could not complain of the divorce judgment that had been rendered.

In *Marshall* we held: "In the present case the wife alleged cruel treatment on the part of the husband which has made it impossible for her to continue to live with him. This was equivalent to allegations of her inability to cohabit with her husband and the absence of prospects for a reconciliation. This case, therefore, is controlled by the rulings in *Friedman v. Friedman,* 233 Ga. 254, supra."

The trial judge had before him the verified complaint of the husband which contended that the marriage was irretrievably broken. The trial judge also had before him the verified answer and cross complaint of the wife which, though it denied in the answer the allegation of

irretrievable brokenness, affirmatively sought a total divorce from the husband on the ground of cruel treatment. With these verified contentions by both parties before him, the trial judge concluded that they were the equivalent of the inability of the parties to cohabit and that there were no prospects for a reconciliation.

We think the trial judge was correct.

Where both parties by verified pleadings seek a total divorce, and the verified pleadings of one party assert that the marriage is irretrievably broken, it is not error for the trial judge to grant a divorce to both parties on the ground of irretrievable brokenness.

If one party asserts that the marriage is irretrievably broken, and the other party asserts that he or she is entitled to a total divorce, the trial judge has the power to grant a divorce to both parties without fixing or placing fault on either party. Code § 30-116.

This does not mean that, in the trial of other issues between the parties reserved for decision, either party is prevented from submitting relevant evidence to show, as he or she contends, the real cause of the separation and divorce. The fact finder, whether it be judge or jury, may consider such evidence in rendering a decision on the other issues between the parties.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially and Jordan and Ingram, JJ., who dissent.*

SUBMITTED FEBRUARY 16, 1976 — DECIDED APRIL 6, 1976.

*Valianos, Joh & Homer, John A. Joh, III,* for appellant.

*Dewberry & Avery, Charles Richard Avery,* for appellee.

HILL, Justice, concurring specially.

I concur in the majority opinion of the court and wish to add only one observation.

The husband sought a divorce on the ground that the

marriage was irretrievably broken. The wife sought a divorce on the ground of cruel treatment. Both parties wanted a divorce and the trial judge granted it.

The wife appeals, saying in effect that the trial judge erred in granting the divorce I wanted; I am entitled to my day in court. Here both parties seek a divorce but one also seeks first the right to fight.

In my view, the function of the judiciary is to provide forums for the resolution of disputes, not to provide forums for disputes where both parties seek the same resolution. I therefore concur in the majority opinion.

JORDAN, Justice, dissenting.

I dissent from the majority opinion because I think it has rewritten the divorce law of this state based on the philosophical bent of a majority of the members of this court.

I concurred in *Friedman* and wrote the opinion in *Marshall* for the court. I would not enlarge upon those rulings as the majority has done in this case and in *McCoy v. McCoy,* 236 Ga. 633.

Both *Friedman* and *Marshall* are clearly distinguishable from the case under consideration. In *Friedman* both parties agreed in their pleadings that the marriage was irretrievably broken. In *Marshall* the wife's amended complaint struck her original ground that the marriage was irretrievably broken and substituted cruel treatment but alleged that such cruel treatment made it impossible "to continue living with the defendant." We held that such an allegation was in effect equivalent to an allegation that the marriage was irretrievably broken.

In this case the appellant merely alleged that she had separated from her husband because of his cruel treatment of her and denied that the marriage was irretrievably broken. She did not allege, as the wife in *Marshall,* that it was impossible to live with her husband, but only that the parties are presently separated because of her husband's cruel treatment. Appellant here made no allegations which could be interpreted to mean that she and her husband are unable to cohabit and that there are no prospects of reconciliation.

All petitions for divorce are required to show the date

of the parties' separation and the statutory ground upon which a divorce is sought. Code Ann. § 30-105. An allegation that the parties are presently separated due to a fault ground under Code Ann. § 30-102 is not equivalent to an allegation that the marriage is irretrievably broken. To so hold would have the effect of repealing the fault grounds under § 30-102 where the other party alleges the marriage to be irretrievably broken.

In my opinion the trial judge erred in granting a judgment on the pleadings on the issue of divorce.

I am authorized to state that Justice Ingram concurs in this dissent.