## 30578. McCOY v. McCOY.

HILL, Justice.

In 1973 the General Assembly added as the thirteenth ground for divorce that "The marriage is irretrievably broken." Ga. L. 1973, p. 557 (Code Ann. § 30-102 (13)). These words were not defined in the statute.

The task of definition having been left to the courts, this court in *Harwell v. Harwell,* 233 Ga. 89, 91 (209 SE2d 625) (1974), said: "An 'irretrievably broken' marriage is one where either or both parties are unable or refuse to cohabit and there are no prospects for a reconciliation." Conversely, this court said (233 Ga. 90): "A finding that a marriage is not 'irretrievably broken' is a finding that a reconciliation may be possible." As stated in *Harwell*: "The only question is whether there are prospects for a reconciliation." Id., p. 90.

In the case before us, the parties were married in 1964. They separated in about July 1973. The husband sued for divorce in May 1974 on grounds of alleged mental cruelty. The wife opposed the divorce. The trial judge denied the divorce and awarded permanent alimony, custody and child support to the wife.

In February 1975 the husband filed the present complaint for divorce alleging that the marriage is irretrievably broken. The wife denied this allegation. Upon the trial before the court without a jury the uncontradicted evidence was as follows: the husband and wife lived together until July 1973; at that time, the wife allowed another woman having marital problems to stay in their home; when this other woman left, the husband left; he and the other woman have lived together since the separation in about July 1973; he and his wife have not lived together since the separation; he loves and wants to marry the woman he has lived with for two years; he does not love his wife and wants a divorce; he would want a divorce even if there was no other woman in his life; there is no conceivable chance that he and his wife could ever get back together.

The wife testified that although she had asked her husband to return, he had never given her any indication that he would; and that he had told her that there was no

way he could live with her.

Being of the conviction that a marriage is not irretrievably broken because one party says that it is, the trial court denied the divorce, pointing out that this particular problem has not been adjudicated by the courts and a contrary decision would permit a husband to leave his wife for another woman and then get a divorce on the ground that the marriage was irretrievably broken.

Acknowledging that this is a case of first impression under our amended divorce law, we approach its solution by application of existing principles. The husband enumerates as error the trial court's denial of divorce.

If there is any evidence to uphold the decision of the trial court denying a divorce, it will be sustained on appeal. On the contrary, if there is no evidence to uphold the decision of the trial court denying a divorce, it will be reversed on appeal.

We return to what was said in *Harwell v. Harwell,* supra, 233 Ga. 89, 91: "An 'irretrievably broken' marriage is one where *either* or both parties are unable or *refuse* to cohabit and there are no prospects for a reconciliation." (Emphasis supplied.) In *Harwell,* the jury granted the wife a divorce over the husband's opposition. Implicit in that case is that the husband opposed the divorce; i.e., he felt that the marriage was not irretrievably broken.

In the case before us, we make explicit that which was implicit in *Harwell,* to wit: where one of the parties to a marriage refuses to cohabit with the other and testifies that the marriage is irretrievably broken, the fact that the other party maintains hope for a reconciliation will not support a finding under *Harwell* that there are "prospects for a reconciliation." Just as it takes two consenting parties to make a contract, it takes two consenting parties to make a reconciliation. Just as one party cannot make a contract, one party cannot make a marriage or a reconciliation thereof. If the General Assembly had intended that the thirteenth ground for divorce be consensual, it would have provided that "The parties agree that the marriage is irretrievably broken."

Under the undisputed evidence in this case, there are no prospects for reconciliation, this marriage thus is irretrievably broken, and the court below erred in

denying the divorce.

Citing *Bartlett v. Bartlett,* 228 Ga. 541 (186 SE2d 754) (1972), appellant urges that the trial court erred in requiring him to testify as to his own adulterous conduct. Cf. Code Ann. § 30-110. Where evidence is utilized to secure for appellant the adjudication he seeks, its admissibility will not be reviewed on appeal.

Appellant also urges that the trial court erred in denying to him a change in child visitation rights. He had been denied visitation privileges in the earlier permanent alimony and child custody order. Appellee urges that a party guilty of adultery cannot be granted child visitation privileges. But see *Todd v. Todd,* 234 Ga. 156 (215 SE2d 4) (1975).

During the trial of this case, the mother testified that the father had been allowed to visit the children in her home and that she approved of such visitation by the father, and her counsel stated that she did not object to the father having visitation privileges in her home but did object to the children visiting in the father's home.

However, the trial court declined to consider allowing visitation privileges to the father on the basis that the matter of custody had been adjudicated in the prior suit for divorce. In holding that the matter of visitation was concluded by the prior order we believe the trial court erred. *Vines v. Hibdon,* 232 Ga. 539 (2) (207 SE2d 503) (1974).

For the foregoing reason the judgment of the trial court denying divorce and visitation must be reversed.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Ingram, J., who dissents.*

SUBMITTED DECEMBER 9, 1975 — DECIDED APRIL 7, 1976.

*Falligant, Karsman, Kent & Toporek, Stanley Karsman,* for appellant.

*J. Wadley Petit,* for appellee.

INGRAM, Justice, dissenting.

The apparent effect of the majority opinion is that

now one party to a marriage can dissolve it unilaterally by testimony (or merely by a sworn pleading, I presume) that the marriage is irretrievably broken. If so, the trial judge has very little, if any, responsibility or opportunity to explore the prospects for reconciliation but instead must grant a divorce. This case and *Whitmire v. Whitmire,* 236 Ga. 153 (1976) are the first cases, with which I am familiar, in which this court has held that the evidence demanded the grant of a divorce and reversed the trial court's refusal of a divorce.

Perhaps the above conclusion by the majority is a part of the limitless change in the public policy of this state respecting marriages which this court has "discovered" through the adoption of the thirteenth ground for divorce (irretrievably broken marriage) by the legislature. If not, I cannot understand it because Code Ann. § 30-101 continues to read, "[t]otal divorces in proper cases *may* be granted by the superior court." (Emphasis supplied.) The present decision has changed the word "may" to "shall" without any authorization from the General Assembly to do so. Code Ann. § 30-102, as amended, provides that: "[t]he following grounds shall be sufficient to authorize the granting of a total divorce: . . . 13. The marriage is irretrievably broken." Apparently, it should be read to say that in any case where the thirteenth ground is involved, either by itself or with one of the other grounds, a divorce is not merely authorized, it is required.

The result in this case is aggravated by the majority opinion in *Loftis v. Loftis,* 236 Ga. 637. Under *Loftis,* one spouse can sue for divorce on a fault ground and the other can counterclaim on the irretrievably broken ground and move for a judgment on the pleadings. The divorce must then be granted without a hearing on the evidence. This circumvents the requirement for a hearing on the fault ground and necessarily presupposes that there is no possibility of a reconciliation between the parties. Under *Loftis* and the majority opinion in the instant case, apparently a divorce will be demanded as a matter of law on the pleadings alone.

The addition of the no fault ground for divorce has been healthy because it has corrected some bad problems

in our divorce law.[1] However, it has created many other problems which are being compounded by piece-meal decisions in cases involving the fault grounds of divorce. I am inclined to agree with the trial judge in this case "that the trial and appellate courts have their work cut out for them with regard [to deciding cases] where you have other grounds for divorce that come in conflict with [the no fault ground] . . . [T]he courts [are] going to have to do better [than we have done] . . . because we can't leave the law in that status. Irretrievably broken has got to have a better meaning [than] we've been able to assign it."

Cases such as *Benefield v. Benefield,* 224 Ga. 208 (160 SE2d 895) (1968); *Schwartz v. Schwartz,* 222 Ga. 460 (150 SE2d 809) (1966); and *Brackett v. Brackett,* 217 Ga. 84 (121 SE2d 146) (1961), together with many others not identified in the majority opinion, have been overruled sub silentio and this should be noted so they will not be relied upon in the future. With this explanation, I dissent, primarily to record one more time the need for legislative action to rewrite our divorce and alimony laws rather than continue to have it done on an ad hoc basis by this court.

---

[1]E.g., before the no fault ground became available, cruel treatment was the ground most often used in divorce cases and if both parties are found guilty of cruel treatment the law requires the "happy" marriage to continue as no divorce can be granted. Code Ann. § 30-109.