## 31440. MANNING v. MANNING.

Per curiam.

This appeal by the wife is from a summary judgment entered in Bibb Superior Court which granted a divorce at the request of the husband on the ground that the marriage was irretrievably broken. The wife opposed the grant of the divorce. She denied the marriage was irretrievably broken and denied that there were no prospects for a reconciliation. The wife sought to have the trial court deny a divorce and also sought a jury trial on this issue. We affirm the grant of the divorce by the trial judge as we find this case is controlled by *Harwell v. Harwell,* 233 Ga. 89 (209 SE2d 625) (1974), and *McCoy v. McCoy,* 236 Ga. 633 (225 SE2d 682) (1976).

The husband filed an affidavit in support of the motion for summary judgment seeking a divorce. In it, the husband swore, in pertinent part, as follows: "The separation between us is complete and permanent. I am unwilling to live with the defendant [wife] at the present time. I am unwilling, and I refuse, to live with her at any time in the future. There is no possibility whatever of a reconciliation ever taking place between us. The marriage . . . is irretrievably broken."

This affidavit by the husband which was submitted to the trial judge brought the case squarely within the language of *McCoy* that, "Just as it takes two consenting parties to make a contract, it takes two consenting parties to make a reconciliation. Just as one party cannot make a contract, one party cannot make a marriage or a reconciliation thereof." We find no error, as there was no

issue for a jury to decide on the question of the divorce.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur specially, and Jordan and Hill, JJ., who dissent.*

ARGUED SEPTEMBER 14, 1976 — DECIDED OCTOBER 5, 1976 — REHEARING DENIED OCTOBER 19, 1976.

*Harris, Watkins, Taylor & Davis, T. Reese Watkins, G. McGregor Jordan, Jr.,* for appellant.

*Jones, Cork, Miller & Benton, H. Jerome Strickland, Frank C. Jones,* for appellee.

ON MOTION FOR REHEARING.

Appellant insists in a vigorous motion for rehearing that we have overlooked the provisions of Code Ann. § 30-109, and *Williford v. Williford,* 230 Ga. 543 (198 SE2d 181) (1973) which, if applied, would require a different judgment in this case. In *Williford,* the husband sought a divorce on the grounds of desertion and cruel treatment by the wife. The wife did not ask for a divorce and sought to have a divorce denied to the husband because of his alleged adultery and cruel treatment.

The majority of this court is of the opinion that the Code section and decision noted above have no application in this no-fault divorce case. The rule urged by appellant and recognized by this court in fault ground divorce cases is that the court (or jury) is authorized to refuse a divorce to the party seeking the divorce when the evidence shows such party is guilty of adultery. Code Ann. § 30-109 allows the opposite party to show "the conduct of the party suing" for divorce and *Williford* holds that such evidence authorizes, but does not require, the court (or jury) to refuse a divorce in these circumstances.

These authorities have no application to no-fault divorce cases which this court has held involve only whether "either or both parties are unable or refuse to cohabit and there are no prospects for a reconciliation." *Harwell v. Harwell,* 233 Ga. 89, 91 (209 SE2d 625) (1974). In summary, a majority of this court thinks that the

traditional rules which have been applied in fault ground divorce cases should not be applied when the divorce is granted on the no-fault ground.

*Motion for rehearing denied.*

GUNTER, Justice, concurring specially.

In this case the husband filed a complaint for divorce against his wife; he alleged that their marriage was irretrievably broken; the wife filed responsive pleadings in which she denied the irretrievable brokenness of the marriage; she further affirmatively alleged: ". . . contrary to the allegations of the plaintiff in the complaint, the marriage between the plaintiff and defendant is not irretrievably broken, and further that there are reasonable prospects for a reconciliation between the parties"; by counterclaim the wife sought temporary and permanent alimony for her separate support and maintenance irrespective of whether a divorce was granted; by counterclaim she also sought the vesting of fee simple title in her to the family residence and all furniture and furnishings situated therein; she alleged that she was entitled to be awarded temporary and permanent alimony for her support and maintenance because the parties were living separate and apart, and that the separation was caused by the misconduct of the husband in that he "wilfully and without just cause abandoned defendant against her wishes"; and she further alleged that her entitlement to temporary and permanent alimony was based on the fact that her husband "in the past wilfully and repeatedly inflicted and continues to inflict mental pain and anguish upon defendant such as reasonably justifies defendant's being apprehensive of danger to her life, limb and health."

The husband filed a motion for summary judgment on the sole issue of the irretrievable brokenness of the marriage; he filed a supporting affidavit set forth in part in the court's opinion; the wife filed an opposing affidavit in which she testified that "she personally knows that the marriage between herself and William S. Manning is not irretrievably broken inasmuch as a reconciliation may be possible between deponent and her said husband"; and she concluded her opposing affidavit by testifying that

"she desires and is willing to reconcile and continue the marriage between the plaintiff and herself."

The husband contended that on the basis of the pleadings and affidavits he was entitled to a judgment in his favor as a matter of law on the issue of the irretrievable brokenness of the marriage. The wife contended that the issue of irretrievable brokenness was one of fact for determination by a jury, and that it could not be resolved on motion for summary judgment.

The trial judge granted the husband's motion for summary judgment on this sole issue, and he reserved for future determination the issues with respect to alimony and division of property. The wife has appealed, and her sole contention here is that the issue of irretrievable brokenness, a fact issue, was erroneously decided as a matter of law by the trial judge on a motion for summary judgment.

As I read the pleadings and affidavits in this case, there is no issue of fact as to the irretrievable brokenness of this marriage. In *Harwell v. Harwell,* 233 Ga. 89 (209 SE2d 625) (1974) this court said: "An 'irretrievably broken' marriage is one where either or both parties are unable or refuse to cohabit and there are no prospects for a reconciliation." P. 91.

In *McCoy v. McCoy,* 236 Ga. 633 (225 SE2d 682) (1976), this court said: "In the case before us, we make explicit that which was implicit in *Harwell,* to wit: Where one of the parties to a marriage refuses to cohabit with the other and testifies that the marriage is irretrievably broken, the fact that the other party maintains hope for a reconciliation will not support a finding under *Harwell* that there are 'prospects for a reconciliation.' Just as it takes two consenting parties to make a contract, it takes two consenting parties to make a reconciliation. Just as one party cannot make a contract, one party cannot make a marriage or a reconciliation thereof. If the General Assembly had intended that the thirteenth ground for divorce be consensual, it would have provided that 'The parties agree that the marriage is irretrievably broken.' " P. 634.

Under the verified pleadings and the affidavits of record in this case by both parties, there are no real or

practical prospects for a reconciliation. Stripped of all conclusions that project a mere glimmer of hope at reconciliation, this record eliminates any fact issue on the subject of irretrievable brokenness, and the trial judge correctly granted summary judgment on this issue.

I therefore concur in the judgment of affirmance.

INGRAM, Justice, concurring specially.

I concur in the judgment not because I think it is right but because it is based on case law decided by a majority of this court and I am bound by it. This court now holds that the mere assertion by one of the parties to a marriage that the marriage is irretrievably broken is sufficient not just to authorize, but to require the grant of a divorce.

Obviously, I think the court has gone too far in giving expression to this ground of divorce. Without repeating what I have said in previous dissents in these cases, I feel I must point out that the result in this case classically illustrates how generally beneficent legislation can be distorted beyond all reasonable intendment by judicial construction. Perhaps I am wrong, but I thought the primary purpose behind the addition of the no-fault ground for divorce was to cleanse our divorce law of the hypocrisy we previously indulged in the use of cruel treatment as a ground for divorce by parties who wanted a quiet, decent and friendly termination of their marriage without attacking one another in the process.

In other words, I see the use of the no-fault ground as a good and honest solution for ending a marriage where both parties agree it is finished, and in cases where one of the parties asserts the marriage is over and the other tacitly admits it by failing to contest it. What I find difficult to accept is this court's implicit holding that there can never be any serious judicial inquiry about prospects for reconciliation.[1] To my mind, this encourages divorce

---

[1]Intellectual candor compels me to note that the present decision by this court seems to fit an existing trend in divorce law. There is evidence of "the diminishing willingness of the state(s) to be involved in the matter of marriage termination" as a corollary to the

and is inconsistent with the state's traditional, and I think wise, policy of encouraging efforts toward resolution of domestic disputes through reconciliation and continuation of the marriage, particularly where there are children.

I do not believe that anyone could reasonably foresee that the addition of the no-fault ground for divorce by the legislature would lead this court to deny a party the opportunity to have this issue presented to a jury in a proper case. But, it has happened in this case. In effect, this court holds here that where one party says there are no prospects for reconciliation and the other one says there are, the court has no alternative except to grant a divorce. This is too cold and hard for me to accept because the message it conveys is that our society has no interest in preserving marriages, but, on the contrary, encourages one of the parties to end it quickly and officially on the slightest caprice by merely asserting the marriage is irretrievably broken and without ever appearing in court to prove it. I see little difference between this and permitting one of the parties to write "Canceled" on the marriage license and mail it in to the judge of the probate court. If we have come to that, then I think the legislature ought to say so in plain and unmistakable language.

The judgment we have previously required trial judges to use in deciding these cases has been removed from them. I cannot agree this was intended merely by adding the no fault ground, but I concur in the judgment in this case as our decisions require it.

HILL, Justice, dissenting.

I dissent for the reason that heretofore, in order for a judgment of divorce to be entered, a trial has been

states' "gradual divestment of its marriage regulation business." Marriage and The States: The Withering Away of Marriage, Professor Mary Ann Glendon, Virginia Law Review, Vol. 62, May, 1976, No. 4, pp. 703-706. Even so, I maintain that this is such a fundamental issue of profound public importance that it should be decided in the General Assembly rather than in this court on a case by case basis.

required in all cases, Code Ann. §§ 30-101, 30-113, except where both parties wanted a divorce, *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974) (both parties sought divorce on ground that marriage was irretrievably broken); *Marshall v. Marshall,* 234 Ga. 393 (216 SE2d 117) (1975) (wife sought divorce on ground of cruel treatment, husband sought divorce on ground of cruel treatment and marriage irretrievably broken); *Hodges v. Hodges,* 235 Ga. 848 (221 SE2d 597) (1976) (both parties sought divorce and admitted marriage was irretrievably broken); *Little v. Little,* 236 Ga. 102 (222 SE2d 384) (1976) (both parties sought divorce and admitted marriage was irretrievably broken); *Whitmire v. Whitmire,* 236 Ga. 153 (223 SE2d 135) (1976) (both parties sought divorce on ground that marriage was irretrievably broken); *Loftis v. Loftis,* 236 Ga. 637 (225 SE2d 685) (1976) (husband sought divorce on ground that marriage was irretrievably broken, wife sought divorce on ground of cruel treatment); *Goulart v. Goulart,* 237 Ga. 174 (227 SE2d 51) (1976) (both parties sought divorce).

The rationale underlying those cases allowing divorce without trial was that where both parties want and sue for a divorce, the marriage is irretrievably broken and a trial to determine whether a divorce should be granted is an expensive and unnecessary domestic fight in public.

The majority in this case go further and hold that where one party wants and sues for a divorce, it may be granted on summary judgment, without a trial, over the opposition of the other party. The rationale of this case is that where one party seeks a divorce, the marriage is irretrievably broken.

The majority rely upon *McCoy v. McCoy,* 236 Ga. 633 (225 SE2d 682) (1976). There was a trial in *McCoy.* The evidence showed that Mr. McCoy wanted a divorce so that he could marry the woman he had been living with for two years. Mrs. McCoy did not, as Mrs. Manning does here, offer evidence that there were prospects for reconciliation. In my view, there is a genuine issue of material fact in the case before us as to whether the marriage is irretrievably broken and the movant is not entitled to judgment as a matter of law. Thus in my view it was error to grant a

summary judgment of divorce.

Moreover, Code § 30-113 provides that no judgment of divorce by default shall be taken in any case; the allegations of the pleadings shall be established by evidence.[1] Where a spouse sues for divorce and moves for summary judgment on the ground that the marriage is irretrievably broken, and the defendant does not answer, under the majority opinion summary judgment must be granted but under Code § 30-113 it must not. I dissent because in my view the decision to allow contested summary judgment divorces is wrong as a matter of summary judgment law, wrong as a matter of divorce law, and wrong as a matter of public policy.

I am authorized to state that Justice Jordan joins in this dissent.

---

[1]Admissions in pleadings are evidence. Thus where both parties seek a divorce there is evidence that the marriage is irretrievably broken. *Friedman v. Friedman,* supra, and its progeny do not violate Code § 30-113.