31745. ADAMS v. ADAMS.

NICHOLS, Chief Justice.

The appellant-husband files his appeal from the denial of his motion for summary judgment for divorce,

alleging that the sworn pleadings and testimony on record conclusively show his marriage to be irretrievably broken. The wife filed the original divorce action on the ground of cruel treatment, seeking custody of the children, alimony, child support and division of property. Although the husband answered denying the allegations of the complaint, he later filed a cross complaint alleging cruel treatment and irretrievable brokenness. Simultaneously, he filed a "Motion for Summary Judgment on the Pleadings" on the issue of divorce. A hearing was held on this motion at which both parties testified that it was no longer possible for them to live together as husband and wife. The trial court denied the motion after stating orally that it should have the discretion to require all of the issues in the case to be tried at the same time. The ruling was certified for immediate review, and this court granted appellant's petition for interlocutory appeal.

Recent holdings of this court have established that either party to a divorce action can prove conclusively that the marriage is irretrievably broken by his or her sworn allegation to that effect. See *Harwell v. Harwell,* 233 Ga. 89, 91 (209 SE2d 625) (1974); *McCoy v. McCoy,* 236 Ga. 633 (225 SE2d 682) (1976); *Manning v. Manning,* 237 Ga. 746 (229 SE2d 611) (1976). Where both parties allege a breakdown of the marriage the result is, of course, the same. See *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974); *Marshall v. Marshall,* 234 Ga. 393 (216 SE2d 117) (1975); *Whitmire v. Whitmire,* 236 Ga. 153 (223 SE2d 135) (1976); *Loftis v. Loftis,* 236 Ga. 637 (225 SE2d 685) (1976); *Anderson v. Anderson,* 237 Ga. 886 (230 SE2d 272) (1976). Accordingly, the trial court erred in denying appellant's motion for summary judgment. The other issues between the parties remain in the case for decision by the ultimate trier of fact. See *Loftis v. Loftis,* supra; *Anderson v. Anderson,* supra.

*Judgment reversed. All the Justices concur, except Jordan and Ingram, JJ., who dissent.*

SUBMITTED DECEMBER 3, 1976 — DECIDED JANUARY 28, 1977 — REHEARING DENIED FEBRUARY 14, 1977.

*Craig & Elrod, Jack T. Elrod,* for appellant.
*Phil R. Cawthon, C. B. Holcomb, District Attorney,* for appellee.