### 25868.   TYREE v. JACKSON.

Hawes, Justice. A supersedeas deprives the trial court of jurisdiction to take further proceedings towards the enforcement

of the judgment superseded. *West v. Gainesville Nat. Bank,* 158 Ga. 640 (123 SE 870). See also *Barnett v. Strain,* 153 Ga. 43 (1) (111 SE 574); *Town of Fairburn v. Brantley,* 161 Ga. 199 (1) (130 SE 67); *Tanner v. Wilson,* 184 Ga. 628, 633 (192 SE 425); *Abney v. Harris,* 208 Ga. 184, 187 (65 SE2d 905). So, where, on the hearing of the plaintiff's application for a rule for contempt against the defendant for the alleged wilful refusal of the defendant to abide by a previous order of the court granting custody of the minor child of the parties to the plaintiff, it appeared that the defendant had timely filed a notice of appeal to this court from the judgment changing custody, nothing else appearing, the trial court had no jurisdiction to pass thereafter an order holding the defendant in contempt of court since the only purpose such an order could serve would be to enforce the court's previous judgment changing custody. It follows that the judgment of the trial court holding the defendant in contempt, having been entered at a time when the court had no jurisdiction to render it, was a nullity and such judgment accordingly must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 9, 1970—DECIDED SEPTEMBER 10, 1970.

*Mitchell, McClelland & Jernigan, Freeman D. Mitchell,* for appellant.

*Mose S. Hayes,* for appellee.