## 28504, 28505. BERMAN v. BERMAN (two cases).

JORDAN, Justice. The parties were divorced in 1972 in DeKalb Superior Court and the mother was awarded custody of the three minor children subject to visitation rights in the father. On July 6, 1973, the mother filed a motion for contempt and a motion to

modify the visitation schedule. After a hearing on August 9, the trial court entered an order on August 10, 1973, finding the father in contempt for certain arrearages and providing that he might purge himself by paying same on or before certain specified dates. The order also changed the Wednesday night visitation hours from 6 to 8:30 p. m. as provided in the original decree, to 6 to 8:00 p. m. The father appeals (Case No. 28504) and the mother filed a cross appeal (Case No. 28505). *Held:*

1. We find no merit in appellant's contention that the judgment is void in that the motions were not heard by the judge listed on the schedule provided under the rules of DeKalb Superior Court. The judge who entered the order succeeded the judge who entered the original decree, and had entered other orders in the case without objection by the appellant. No harmful error has been shown by the appellant.

2. The trial court did not err in requiring appellant to pay one child's expense at the Holy Innocents School under a provision of the decree relating to expenses for "special" schooling. This particular schooling was recommended by the child's psychiatrist. Nor did the court err in so ruling as to tuition in a Hebrew School and summer school.

3. The evidence amply supports the conclusion that the appellant was in contempt for certain arrearages in alimony and child support payments and that the appellant was not unable to pay.

4. The appellant being a resident of Fulton County, the trial court was without jurisdiction or authority to alter the visitation rights of appellant in this contempt proceeding. See *Beach v. Beach,* 224 Ga. 701 (164 SE2d 114); *Herrington v. Herrington,* 231 Ga. 177 (200 SE2d 867).

5. The other enumerations of error are without merit.

6. The wife's sole enumeration on her cross appeal, Case No. 28505, contends that the trial court erred in not allowing interest on the arrearages found to be due by appellant on the alimony and child support payments. This contention is without merit. In a contempt proceeding the court must consider ability to pay as a factor and has a broad discretion in fixing the time and manner of payments necessary to purge the contempt. It was not an abuse of this discretion to refuse to add interest to the required payments.

*Judgment affirmed in Case No. 28504, with direction that all provisions in the judgment with respect to the modification of visitation rights be deleted. Judgment affirmed on cross appeal*

*(Case No. 28505). All the Justices concur.*
ARGUED JANUARY 16, 1974 — DECIDED FEBRUARY 6, 1974 —
REHEARING DENIED FEBRUARY 18, 1974.

*Manning, Read & Richardson, Charles D. Read, Jr., Curtis R. Richardson,* for appellant.
*Kaler, Karesh & Frankel, Glenville Haldi,* for appellee.