## 28524. BERMAN v. BERMAN.

JORDAN, Justice. This is a companion case to *Berman v. Berman,* 231 Ga. 723. Donna Black Berman filed her motion for contempt against her former husband, Dr. Merrill Berman, alleging that on August 7, 1973, she had sold the home place awarded to her by the divorce decree; that the title company would not certify the title nor would the purchaser close the transaction unless the check was made payable to both Dr. & Mrs. Berman; that the check was so issued and Dr. Berman would not endorse same, stating that he would not do so unless Mrs. Berman discontinued legal proceedings against him. By amendment she alleged several violations of the judgment of the trial court entered August 10, 1973, which judgment was the subject of the appeal in Cases Nos. 28504 and 28505 cited above.

The trial court entered an order dated August 31, 1973, requiring Dr. Berman to properly endorse said check; finding him in wilful

contempt for several violations of the court's order of August 10, 1973; and further ordered him to cease all visitation and communication with the children of the parties until further order of the court, from which Dr. Berman files this appeal. *Held:*

1. The trial court erred in holding the appellant in contempt for certain violations of the order dated August 10, 1973. The appeal to this court of that order acted as a supersedeas pending the appeal. Code Ann. § 6-1002; *Tyree v. Jackson,* 226 Ga. 642 (177 SE2d 159). The decision in *Berman v. Berman,* supra, renders moot that part of the judgment here under review holding the appellant in contempt for violation of visitation rights.

2. The court was correct in requiring appellant to properly endorse the check for the sale of the home place which was made payable jointly to appellant and appellee. Under the terms of the divorce decree, appellee was awarded title to the property and the appellant was required to execute a warranty deed to her, subject only to two named security instruments then existing, payment of which was assumed by the appellee. By the further terms of the decree the appellant retained a "1/4 undivided economic interest" in said home place. However, said 1/4 economic interest was not due and payable to appellant unless the appellee, within six months from the date of the sale of the home place, failed to reinvest the proceeds in another home for her and the children. Under such terms the appellant had no right whatsoever in the check or the proceeds of the sale unless and until such event occurred. The trial court did not err in so construing the terms of the decree. Nor was it error to award attorney fees, interest and costs of the proceedings against the appellant.

*Judgment affirmed, with direction that all provisions of the judgment holding appellant in contempt for violations of the order entered August 10, 1973, and cancelling visitation rights be deleted. All the Justices concur.*

ARGUED JANUARY 16, 1974 — DECIDED FEBRUARY 6, 1974 — REHEARING DENIED FEBRUARY 18, 1974.

*Manning, Read & Richardson, Charles D. Read, Jr., Curtis R. Richardson,* for appellant.

*Glenville Haldi,* for appellee.