### 30809, 30810, 30811. STACEY v. SPIVEY (three cases).

JORDAN, Justice.

These three appeals arise from litigation between the appellee-mother and appellant-father concerning the custody of their minor child.

The mother has filed a motion to dismiss the first appeal (No. 30809) because it is from an interlocutory order not subject to review without a certificate of immediate review and grant of appeal by this court. There is no enumeration of error by the father which applies to this appeal, and we will consider the first appeal for the record only. There is no merit in the motion to dismiss the appeals in Nos. 30810 and 30811.

Custody of the child was awarded to the mother in a divorce action in DeKalb Superior Court in 1973.

In December, 1974, a Texas court granted temporary custody to the father.

In August, 1975, the mother filed a habeas corpus petition against the father in Fulton Superior Court, seeking to regain possession of the child. In October, 1975, the judge ordered the sheriff to bring the child into court. The attorney for the father filed a motion to quash the proceedings for lack of jurisdiction. The mother filed a petition to have the father held in contempt, and the judge found the father in contempt. The mother filed a motion for a hearing in which she alleged that the sheriff had been unable to locate the father or the child, and that her attorney had received notice of proceedings in Texas instituted by the parents of the father seeking temporary custody of the child. On November 25, 1975, after a hearing, the judge found that the mother is the legal

custodian of the child, and enjoined the father from participating in the Texas proceedings which were originally instituted by the mother.

1. The father contends in enumerated error 2 that Fulton Superior Court had no jurisdiction over the subject matter or the person of the minor child.

The father does not contend that he was not a resident of Fulton County at the time the habeas corpus petition was filed against him there. His contention is that he brought the child to Georgia in compliance with a Texas court order for an adjudication of the issue of custody in DeKalb Superior Court, and that the mother brought no action in that court in compliance with the Texas order.

The 199th Judicial District Court, Collin County, Texas, entered an order on December 6, 1974, in a case in which the mother sought to obtain custody of the child from the parents of the father. The Texas court found that it had jurisdiction under the laws of Texas to enter a temporary custody order because of "a serious immediate question concerning the welfare of the child." Temporary custody was awarded to the intervenor, the father of the child. The Texas court found that the court of original jurisdiction "at Atlanta, Georgia, which rendered the initial divorce decree would be the proper forum for the parties to litigate the question of modification of custody of the said child . . ." The order recited that the parties agreed that within a week appropriate pleadings would be filed in the Georgia court of original jurisdiction to modify custody, and that the mother and father would submit themselves to the jurisdiction of that court. Attorneys for both parties approved this order.

It was obviously the intention of the Texas court to make only a temporary disposition of the custody of the child, and to require the parents to fully litigate in the Georgia court where the divorce decree was entered the question of whether the mother had become incompetent to have custody because of the mental problems she had after the award of custody to her. The order erroneously stated that the court of original jurisdiction was at Atlanta.

We need not decide whether the Texas consent order

would have given jurisdiction to the DeKalb court, which no longer had jurisdiction because both parties had removed from DeKalb County, since no action was filed there. However, if either party had a duty to file a complaint for modification in DeKalb County to comply with the Texas order, it was the father, the mother having been given legal custody of the child in the original action in DeKalb County.

The mother's petition for habeas corpus in Fulton Superior Court alleged that the father was a resident of Fulton County and that the child was in his custody there under the temporary custody order of the Texas court. The father acknowledged service of this petition, and never offered to prove that he was not a resident of Fulton County. The habeas corpus petition was properly brought against the father in the county where he resided with the child.

2. The father contends in enumerated error 1 that the trial court erred in not according full faith and credit to the Texas decree. He contends in enumerated errors 3 and 4 that the court erred in ruling that the mother had demonstrated a change of circumstances since the entry of the Texas order that would warrant a change of custody from the father to the mother.

These contentions demonstrate a misconception of the nature of the Texas order. From the record and order in the Texas proceeding it is plain that the Texas court, acting under Texas laws, placed the child in the *temporary* custody of the father, and made no final adjudication as to the fitness of the parties or whether legal custody should be withdrawn from the mother and placed in the father. A Georgia court in giving full faith and credit to the Texas order would merely find that the father had temporary legal custody of the child.

The rulings of this court that an adjudication of custody is res judicata until a change of circumstances is shown are not applicable to this temporary order of the Texas court.

There is no merit in these enumerated errors.

3. Enumerated error 5 asserts that the court erred in ordering the child seized from the father and placed in the hands of the mother. Enumerated error 7 asserts that the

court erred in holding the father in contempt for refusal to comply with the court's writs of habeas corpus.

The father refused to litigate the merits of the mother's petition for habeas corpus, and refused to obey the court's mandate to produce the child in court. Under the record before us it was not error for the judge to order the return of the child to the mother and to hold the father in contempt for failure to obey the court's mandate.

4. The sixth enumerated error complains of the court enjoining the father from participating in any manner in the litigation in Texas in which the temporary custody order was entered.

"The power of a court of equity to restrain persons within its jurisdiction from prosecuting suits in a foreign court rests upon the basis that the person whom it is sought to enjoin is within the jurisdiction of the court, and he can be prevented from doing an inequitable thing." *Ambursen Hydraulic &c. Co. v. Northern Contracting Co.,* 140 Ga. 1, 7 (78 SE 340) (1913).

This is not an equity case, but a habeas corpus proceeding. Each state has a continuing right to inquire into the welfare of a minor child residing within its limits, whatever the legal rights of the parents may be in another state. The proceeding in Texas was commenced by the mother prior to her habeas corpus petition in Georgia. A habeas corpus court in this state has no right to enjoin the father from participating in litigation in Texas concerning the welfare of his child. We reverse this portion of the trial judge's final judgment.

*Judgments affirmed in part and reversed in part. All the Justices concur.*

ARGUED FEBRUARY 10, 1976 — DECIDED APRIL 20, 1976.

*L. Burke Lewis,* for appellant.