## 31436. HERRING v. HERRING.

HALL, Justice.

Appellant, Henry Joe Herring, brings this appeal from a judgment of the Superior Court of Franklin County in which the appellee, Dollie T. Herring, was granted a divorce on her motion for judgment on the pleadings.

Appellee wife filed for divorce on irretrievably broken grounds. Appellant answered, denying that the marriage was irretrievably broken, and counterclaimed for divorce alleging cruel treatment by the appellee. Appellee then moved for judgment on the pleadings, as authorized by this court's holding in *Loftis v. Loftis,* 236 Ga. 637, 639 (225 SE2d 685) (1976). The motion was granted; the court's order reads in pertinent part: "[I]t is the judgment of the Court that a total divorce be granted *to the Plaintiff Wife from the Defendant Husband,* that is to say a divorce a vincula matrimonii, between the Parties to the above stated case, upon legal principles." (Emphasis supplied.) Appellant contends that the wording of the order results in the granting of the divorce in favor of the appellee wife, thereby inferring fault on his part. Appellant further contends that since the *Loftis*

facts are identical to the facts in this case and since the *Loftis* judgment granted a divorce "to the parties" that the order in this case should be changed so as to eliminate any inferences of fault.

*Loftis* held that "[W]here both parties by verified pleadings seek a total divorce, and the verified pleadings of one party assert that the marriage is irretrievably broken, it is not error for the trial judge to grant a divorce to both parties on the ground of irretrievable brokenness... [T]he trial judge has the power to grant a divorce to both parties without fixing or placing fault on either party. Code § 30-116." *Loftis, supra* at 639. The question presented in this appeal is whether a trial court is *required* to grant a divorce to both parties without fixing or placing fault on either party when a divorce is granted on the pleadings on irretrievably broken grounds.

*Loftis, Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974), and similar cases have recognized the validity of divorce decrees awarded in favor of both parties, either where both allege that the marriage is irretrievably broken, or where one party alleges irretrievable brokenness and the other that he is entitled to a divorce on some other ground. While any ground for divorce other than § 30-102 (13) requires a showing of fault on the part of one of the parties, and as such could support a divorce judgment in favor of one of the parties, this court has upheld the treatment of one party alleging irretrievable brokenness and the other party alleging a fault ground as the equivalent of the inability of the parties to cohabit and reconcile and has upheld the granting of these divorces on the pleadings on the no-fault ground alone. *Marshall v. Marshall,* 233 Ga. 254 (210 SE2d 754) (1974).

Since a finding of irretrievable brokenness is one not requiring a showing of fault,[1] it follows that a divorce granted on this ground should be granted to the parties

---

[1]"An 'irretrievably broken' marriage is one where either or both parties are unable or refuse to cohabit and there are no prospects for a reconciliation." *Harwell v. Harwell,* 233 Ga. 89, 91 (209 SE2d 625) (1974).

equally. While Code Ann. § 81A-112 (c) implies that the court may grant a motion on the pleadings to the moving party in a proper case, we find that it is not appropriate where a divorce is being granted without requiring a showing of fault. We hold that the divorce in this case was properly granted on the pleadings (see *Loftis,* supra), but direct the trial court to issue a new order which reflects that the divorce is granted "to the parties."[2]

*Judgment reversed and remanded. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 14, 1976 — DECIDED OCTOBER 19, 1976.

*Andrew J. Hill, Jr., Lindsay A. Tise, Jr., Cathey & Strain, Edward E. Strain, III,* for appellant.
*Harper & Matthews, Eugene W. Harper, Jr., Robert D. Matthews,* for appellee.

---

[2]The only ground for divorce under the proposed Uniform Marriage and Divorce Act is irretrievable brokenness. Of note is § 301 (e) of the Act which provides: *"A decree of dissolution . . . shall not be awarded to one of the parties,* but shall provide that it affects the status previously existing between the parties in the manner decreed." (Emphasis supplied.)