## 31692. WALKER v. WALKER.

Hall, Justice.

This is an appeal from a final judgment and decree of divorce, custody and alimony.

Appellee wife filed for divorce on the ground that the marriage was irretrievably broken. She attached to her complaint an acknowledgment of service, waiver of notice, and agreement to try at the first term. All were signed by the appellant husband. The complaint alleged he was a resident of DeKalb County. He filed a motion to dismiss for lack of venue on the ground he was a resident

of Tift County. Evidence was presented and the trial court overruled the motion to dismiss. The appellant filed defensive pleadings denying the allegations in the complaint and prayed for a divorce on the grounds of cruel treatment. The court then heard all the evidence and entered final judgment. Appellant enumerates as error the overruling of his motion to dismiss and the failure of the trial court to make findings of fact under Code Ann. § 81A-152, supporting his decision on venue and the granting of the divorce and other relief.

1. While there was a conflict in the evidence, the trial court did not err in holding that DeKalb County was the domicile of the appellant at the time the complaint was filed.

"Findings of fact and conclusions of law are unnecessary on decisions of motions under Section 81A-112 or 81A-156 or any other motion except as provided in Section 81A-141(b)." *Rowland v. Kellos,* 236 Ga. 799 (5) (225 SE2d 302) (1976). The trial court did not err in failing to make findings of fact in its ruling on the venue issue.

2. This court on December 8, 1976 ordered the trial court to supplement the record with findings of fact and conclusions of law, as required by Code Ann. § 81A-152, supporting its judgment on the issues of divorce and other relief. The findings were filed here December 27, 1976. Appellant availed himself of the opportunity this court provided to contest the findings by supplemental brief. After considering the record and all briefs filed, we conclude that the findings have support in the evidence and support the judgment.

Appellant's contentions that the divorce should have been granted to him on fault grounds rather than to the parties on the no-fault ground of irretrievable brokenness, is without merit. *Herring v. Herring,* 237 Ga. 771 (229 SE2d 756) (1976); *Manning v. Manning,* 237 Ga. 746 (229 SE2d 611) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 22, 1976 — DECIDED JANUARY 28, 1977.

*Elsie H. Griner, J. Laddie Boatright,* for appellant.
*Autrey, Harrison & Hasis, Bruce W. Baggarly, Jr.,* for appellee.