## 31962. WALKER v. WALKER.

HALL, Justice.

This is an appeal from an order of the Superior Court of DeKalb County holding appellant in contempt of a final judgment and decree of divorce. An appeal from this same divorce judgment has been decided by this court in favor of the appellee. *Walker v. Walker,* 238 Ga. 273 (232 SE2d 554) (1977).

Appellant and appellee were divorced on July 30, 1976. Appellee was given custody of the minor child, awarded $40 per week in child support, and awarded $250 in attorney fees. The appellant was given weekend, holiday and summer visitation rights. On June 25, 1976, the appellant took the child into his custody and thereafter refused to release the child to the custody of the appellee. On August 16, 1976, the appellant filed his notice of appeal from the final judgment of divorce to this court. On August 23, 1976 the appellee filed a contempt action against the appellant in DeKalb County to enforce compliance with the final judgment of divorce. Specifically, the appellee sought return of the parties' minor child, payment of child support arrearages, and payment of attorney fees. On October 11, 1976, the appellant filed a motion to dismiss the contempt action, alleging that the court lacked jurisdiction and that he had not been personally served. Appellant's motion was overruled on November 18, 1976. The appellant was thereafter found to be in wilful contempt of his final judgment of divorce and was ordered incarcerated until he purged himself.

We reverse. Code Ann. § 6-1002 (a) provides, in part, that in civil cases a notice of appeal to a final judgment serves as a supersedeas. *Turner v. Harper,* 233 Ga. 483 (211 SE2d 742) (1975). This court has interpreted that provision to mean that a notice of appeal to a final judgment deprives the trial court of jurisdiction to take further proceedings towards the enforcement of the judgment superseded. *Berman v. Berman,* 231 Ga 727 (1) (204 SE2d 125) (1974); *Tyree v. Jackson,* 226 Ga. 642 (177 SE2d 159) (1970). It therefore follows that the December 7, 1976, judgment of the trial court holding the appellant in

contempt, having been entered at a time when the court had no jurisdiction to render it, was a nullity and must be reversed.

We note that in the usual case there is a temporary order regarding alimony, child support and child custody which binds the parties pending decision and appeal of the final judgment. See Code Ann. §§ 30-202, 30-205 and 30-206. Such a temporary order is enforceable through contempt proceedings pending review of the divorce judgment in this court. See *Shepherd v. Shepherd,* 233 Ga. 228, 232 (210 SE2d 731) (1974). No temporary order was rendered in this case. Whenever an appellee in this situation wishes to challenge the grant of an automatic supersedeas *as it relates to custody* pending appeal, he can ask the trial judge to include in his final order a special provision that the custody award is effective as of the date of the judgment to protect the best interest and welfare of the child. Subject to review by this court, this type of order would effectively modify the automatic supersedeas as it regards custody and would be enforceable through contempt proceedings in the trial court.

*Judgment reversed. All the Justices concur, except Hill, J., who dissents.*

SUBMITTED FEBRUARY 11, 1977 — DECIDED JUNE 8, 1977.

*Elsie ·Higgs Griner, J. Laddie Boatright,* for appellant.

*Autrey & Hasis, Bruce W. Baggerly, Jr.,* for appellee.

HILL, Justice, dissenting.

I dissent.

The appellant and appellee were divorced by judgment of the Superior Court of DeKalb County on July 30, 1976. Although the appellee was awarded custody of the minor child, the appellant refused to surrender custody of the child and filed notice of appeal. The appellee filed a contempt motion and the trial court found the appellant to be in contempt. The majority reverses, saying, in effect, to the appellee and trial judge: "There

was a way you could have done this, but because you didn't do it that way, you lose."

I applaud the majority for pointing out how this matter could have been handled satisfactorily. Yet I deplore the fact that this court will not render a decision which would hold, pursuant to our inherent power and Code § 81A-162 (e), that where a notice of appeal is filed to a judgment of divorce providing for child custody and child support, such award of child custody and support becomes the temporary order of the court by operation of law pending appeal and such notice of appeal does not operate as supersedeas as to that part of the judgment fixing child custody and child support, unless the trial judge by express order enters supersedeas as to those matters.

It is true without question that the public is dissatisfied with the administration of justice. The decision of this case is, in my view, typical of the causes of that dissatisfaction. Here is a person who wilfully violated a solemn court order who thereafter filed a notice of appeal and escaped his responsibility. Such disregard for judicial processes should not be tolerated by any court. Such judicial impotency should not be tolerated by the public.