32523, 32691. IRWIN et al. v. SMITH (two cases).
32692. IRWIN et al. v. HAIL et al.

JORDAN, Justice.

Mr. and Mrs. McIntosh Irwin, the maternal grandparents of a minor child, Holly Hail, appeal from judgments adverse to them in a habeas corpus case, an adoption proceeding, and a contempt case.

The mother of the child was killed in an automobile accident in 1973, when the child was an infant. The father, William Hail, kept her for a period of time in Nashville, Tennessee, and then placed her temporarily in the home of a friend, Faye Anthony Smith, also in Nashville. Later the father took the child to Florida where he kept her until she was taken into the custody of a Florida juvenile court as a neglected child. The Florida court, on October 6, 1976, removed her from the father's custody and committed her to the custody of Faye Anthony Smith until further order of a court of competent jurisdiction. This temporary custody was at the request of the father.

On December 15, 1976, the father signed a consent for the adoption of the child by Mr. and Mrs. Joseph Hill, of Nashville. An adoption petition was drafted for the Hills, but not filed. The grandparents obtained possession of the

child from Faye Anthony Smith in Tennessee for a visit on December 29, 1976, stating that they would return her on January 5, 1977. On January 11, 1977, the father signed a consent for the adoption of the child by the grandparents, and they filed adoption proceedings in DeKalb Superior Court on January 13, 1977. Faye Anthony Smith filed a habeas corpus petition against the grandparents in DeKalb Superior Court, alleging that she was the legal custodian of the child under the Florida order, and seeking the restoration of custody to her.

After a consolidated hearing in the habeas corpus and adoption cases, the petition of the grandparents to adopt the child was denied. In the habeas corpus case the judge placed the child in the permanent custody of Mr. and Mrs. Hill and he ordered the grandparents to deliver the child to the Hills pending any appeal in the case. Faye Anthony Smith moved to attach the grandparents for contempt for their refusal to deliver the child to the Hills. The judge held the grandparents in contempt and ordered that they be incarcerated for five days and that they pay attorney fees.

1. We first consider the adoption case. The father filed an objection in the proceeding of the grandparents to adopt the child, stating that he had previously given a consent to adopt to the Hills. At the hearing he repudiated his consent for the grandparents to adopt the child, and stated that he wanted the Hills to adopt her.

The father, after giving a voluntary consent to the Hills to adopt the child, which they intended to use in their contemplated proceeding for the adoption of the child in Tennessee, could not give the grandparents a valid consent to adopt. The grandparents relied on his invalid consent to them to satisfy the requirements of the adoption law in effect at the time of the proceedings. Ga. L. 1941, pp. 300, 301; 1950, pp. 289, 290; 1957, p. 367; 1960, pp. 791, 792; 1967, pp. 107, 108 (former Code Ann. § 74-403). The trial judge did not err in denying their application to adopt the child.

2. We next consider the habeas corpus matter. The grandparents assert that the judge erred in giving full faith and credit to the order of the Florida court placing temporary custody of the child in Faye Anthony Smith.

They assert that the order did not follow the applicable Florida law, and that it gave Faye Anthony Smith no standing to institute the habeas corpus proceeding against the grandparents.

The Florida court had jurisdiction to grant the temporary order, and the habeas corpus judge did not err in giving full faith and credit to the Florida order to the extent of finding that Faye Anthony Smith, as temporary custodian, had the right to institute the proceeding. *Stacey v. Spivey,* 236 Ga. 680, 682 (2) (224 SE2d 925) (1976). The judge did not rule that the Florida order was res judicata on the issue of permanent custody, but held a full hearing for the purpose of determining custody, after which he awarded custody to persons other than the temporary custodian.

It is further insisted by the grandparents that the judge erred in applying *Matthews v. Matthews,* 238 Ga. 201 (232 SE2d 76) (1977), in the case. The judge in the present case in his conclusions of law stated: "The court takes into consideration the case of Matthews v. Matthews, [supra]. Although that case deals with parties in a divorce case and the case sub judice deals with persons who were not parties to a divorce, the court holds that the same principle of law applies and finds the Matthews case controlling in that the noncustodial parties knowingly removed the child from a foreign state to this jurisdiction and gained venue solely by that act. The court finds that this conduct is not condoned by either this court or the Supreme Court of Georgia as evidenced by its decision in the Matthews case."

The *Matthews* case imposed the sanction of denying a noncustodial parent who was withholding custody of a minor child from the custodial parent the right to maintain an action to change custody in the county of the noncustodial parent's residence. The judge did not impose this sanction in the present case. It was not error to give consideration to the conduct of the grandparents in withholding custody of their grandchild from the legal custodian and forcing the legal custodian to litigate the right of custody in the county of the residence of the grandparents.

3. We last consider the contempt case. In the

judgment in the habeas corpus case the judge ordered the grandparents to "instanter" bring the child before the court, to be forthwith delivered into the custody and possession of the Hills, pending any appeal of the case.

The grandparents filed a notice of appeal and petitioned this court to grant supersedeas to stay all further proceedings in the case until the appeal could be decided. This court denied supersedeas. Faye Anthony Smith then filed an application to hold the grandparents in contempt for failure to deliver the child as commanded by the order. After a hearing the judge found the grandparents in contempt and ordered that they be incarcerated for five days, and that they pay attorney fees for Faye Anthony Smith in an amount to be later determined. The judge also issued an order directed to all sheriffs, constables, and officers of the law in the state to seize the person of the child and deliver her to the custody of Mrs. Hill or her attorneys. The grandparents filed another petition to this court requesting that supersedeas be granted as to the custody order, and that the order for the seizure of the child be stayed. This petition was also denied by this court.

In *Tyree v. Jackson,* 226 Ga. 642 (177 SE2d 159) (1970), a case concerning the custody of a minor child, this court held that the notice of appeal superseded the judgment of custody, and the trial judge was without jurisdiction pending the appeal to enter an order finding the mother in contempt for refusing to obey the custody order. The record in the *Tyree* case shows that the custody judgment ordered the mother to deliver the child to the father "instanter."

In *Walker v. Walker,* 239 Ga. 175 (236 SE2d 263) (1977), this court modified the rule stated in *Tyree v. Jackson,* supra, by holding: "Whenever an appellee in this situation wishes to challenge the grant of an automatic supersedeas *as it relates to custody* pending appeal, he can ask the trial judge to include in his final order a special provision that the custody award is effective as of the date of the judgment to protect the best interest and welfare of the child. Subject to review by this court, this type of order would effectively modify the automatic supersedeas as it regards custody and would be enforceable through

contempt proceedings in the trial court."

The trial judge in the present case included in his custody order such a special provision as is suggested in *Walker v. Walker,* supra. The custody order was entered on May 25, 1977, and the contempt order was entered on June 6, 1977. The *Walker* case, supra, was decided on June 8, 1977.

The grandparents were entitled to rely on the law in effect at the time of the contempt order, as stated by this court in *Tyree v. Jackson,* supra, and the trial judge erred in finding them in wilful contempt of the custody order, and in ordering them to pay attorney fees.

*Judgments affirmed in Cases Nos. 32523 and 32692; judgment reversed in Case No. 32691. All the Justices concur.*

ARGUED SEPTEMBER 20, 1977 — DECIDED JANUARY 20, 1978.

*Hunter & Robins, John Calvin Hunter, Matthew Robins,* for appellants.

*Barrett & Elliott, John G. Barrett,* for appellees.