## 40111. TURNER v. TURNER.

MARSHALL, Presiding Justice.

In 1981, the appellant former wife filed an affidavit of garnishment alleging that the appellee former husband was indebted to her in the amount of $9,706.32 in child-support arrearages. The Fulton State Court entered judgment on the application in the total amount of $14,431.14.

This appeal is from an order of the Fulton Superior Court, discharging the appellee from contempt on grounds that he has paid the appellant amounts in excess of the amount of the judgment, and that, although the contempt judgment bears interest from the date it was entered, the appellee does not owe the appellant further interest on the arrearages prior to entry of the contempt judgment. We affirm.

The rule in this state, as applied in *Berman v. Berman,* 231 Ga. 723 (6) (204 SE2d 124) (1974), is that in a proceeding to hold a party in contempt for failure to make alimony and child-support payments under a divorce decree, the court is vested with discretion in determining whether interest should be added to the arrearages found to be due.

The present proceeding involves the discharge of the appellee

from the contempt judgment. In this proceeding, the superior court was correct in ruling that the contempt judgment bears interest of 12% from the date of its entry. OCGA § 7-4-12 (Code Ann. § 57-108); *Guernsey v. Phinizy,* 113 Ga. 898 (2) (39 SE 402) (1901). Any interest payable on the child-support arrearages prior to entry of the contempt judgment should have been made part of the contempt judgment itself.

*Judgment affirmed. All the Justices concur.*

Decided September 8, 1983.

*Paul C. Myers,* for appellant.
*Guy W. Gupton III,* for appellee.