## A89A1065. LEROUX v. AVERA.
(384 SE2d 434)

BANKE, Presiding Judge.

This appeal arises from a garnishment action filed by the appellee in the State Court of Glynn County to recover child-support arrearages allegedly owed by the appellant pursuant to the terms of a divorce decree. Part, but not all, of the arrearage sought to be recovered in the garnishment action had previously been reduced to judgment in a contempt action filed by the appellee in superior court. The court ruled in the present case that, as of the date the summons of garnishment was filed, the appellant was indebted to the appellee for the amount of that arrearage, plus the arrearage which had accrued since then, plus judgment interest on both categories of arrearage, calculated at the rate of 12 percent per year pursuant to OCGA § 7-4-12. By mathematical calculation, it is apparent from the court's order that the total amount of such interest included in the judgment was $25,605.79. We granted this discretionary appeal to consider the appellant's contention that this award of interest was excessive to the extent that it was calculated upon that portion of the arrearage which had accrued subsequent to the entry of the contempt judgment. *Held*:

"The rule in this state, as applied in *Berman v. Berman*, 231 Ga. 723 (6) (204 SE2d 124) (1974), is that in a proceeding to hold a party in contempt for failure to make alimony and child-support payments under a divorce decree, the court is vested with discretion in determining whether interest should be added to the arrearages found to be due." *Turner v. Turner*, 251 Ga. 435 (306 SE2d 650) (1983). Accordingly, it has been held that judgment interest on a child-support arrearage must itself be reduced to judgment in a contempt proceeding in order to be recoverable. Id. at 436. That being so, we reject the appellee's contention that such interest is recoverable as a matter of right in a garnishment action or other proceeding seeking direct execution of the divorce decree, regardless of whether it has previously been reduced to judgment in a contempt proceeding. Otherwise, a

claimant seeking to recover child-support or alimony payments under a divorce decree would be able to circumvent an exercise of discretion by a superior court on the interest issue by the simple expedient of enforcing the decree directly against the judgment debtor's assets. With respect *only* to the interest calculation made by the lower court in the present case, we accordingly vacate the judgment appealed from and remand the case with direction that judgment interest be calculated solely on that portion of the child-support arrearage previously reduced to judgment in the contempt proceeding.

*Judgment affirmed in part and vacated and case remanded with direction in part. Sognier and Pope, JJ., concur.*

DECIDED JULY 10, 1989.

Coleman & Dempsey, R. Peter Catlin III, for appellant.
W. N. Little, for appellee.