A98A0288. REID v. REID.
(502 SE2d 269)

RUFFIN, Judge.
Linda Joyce Reid and Michael Jerome Reid divorced in 1990. As

part of the settlement agreement, Linda Reid obtained custody of their minor children and Michael Reid was required to pay child support. In 1995, Linda Reid filed an affidavit for garnishment seeking recovery of unpaid child support owed by Michael Reid. Subsequently, in November 1996, Linda Reid amended her affidavit for garnishment, seeking interest on the unpaid child support in accordance with OCGA § 7-4-12.1, which became effective July 1, 1996. The trial court awarded Linda Reid the unpaid child support, but declined to award her any interest, concluding that OCGA § 7-4-12.1 should not be applied retroactively. Linda Reid filed an application for discretionary appeal, asserting that OCGA § 7-4-12.1 is remedial in nature and thus should be applied retroactively. We granted the application and, for the following reasons, reverse the trial court.

Prior to July 1, 1996, the rule in Georgia was " 'that in a proceeding to hold a party in contempt for failure to make alimony and child-support payments under a divorce decree, the court [was] vested with discretion in determining whether interest should be added to the arrearages found to be due.' *Turner v. Turner*, 251 Ga. 435 (306 SE2d 650) (1983)." *Leroux v. Avera*, 192 Ga. App. 210 (384 SE2d 434) (1989). "Accordingly, . . . judgment interest on a child-support arrearage must itself be reduced to judgment in a contempt proceeding in order to be recoverable. [Cit.]" Id. OCGA § 7-4-12.1 changed this procedure, establishing that "[a]ll awards of child support expressed in monetary amounts shall accrue interest at the rate of 12 percent per annum commencing 30 days from the day such award or payment is due. This Code section shall apply to all awards, court orders, decrees, and judgments rendered pursuant to Title 19. It shall not be necessary for the party to whom the child support is due to reduce any such award to judgment in order to recover such interest." OCGA § 7-4-12.1. Accordingly, under the new Code section, interest automatically accrues and a party has a vested right to the interest; it is no longer within the discretion of a trial judge to determine whether an award of interest is appropriate.

" 'In interpreting statutes, courts must look for the intent of the legislature and construe statutes to effectuate that intent. [Cit.]' " *Dismer v. Luke*, 228 Ga. App. 638, 639 (2) (492 SE2d 562) (1997). "Generally statutes prescribe for the future and that is the construction to be given unless there is a clear contrary intention shown. On the other hand, where a statute governs only procedure of the courts, including the rules of evidence, it is to be given retroactive effect absent an expressed contrary intention. Retroactive effect is also given to statutes affecting the remedy only rather than the right to which the remedy attaches." (Citations and punctuation omitted.) *Barnes v. City of Atlanta*, 219 Ga. App. 139, 141 (464 SE2d 609) (1995). See also OCGA § 1-3-5.

In the instant case, "[t]he legislature did not express an intention as to whether or not [OCGA § 7-4-12.1] should be given retroactive effect. [Therefore,] [i]n order to decide whether the statute should be given prospective or retrospective effect, the statute must be examined to determine whether it is substantive in nature or has a procedural or remedial nature." *Barnes*, supra at 141.

We find that this change in the law affects an individual's remedial rights and not the right to which the remedy attaches. See *Glover v. Colbert*, 210 Ga. App. 666, 668 (437 SE2d 363) (1993); *Barnes*, supra. OCGA § 7-4-12.1 in no way alters a person's obligation to pay child support. It only alters the manner in which an obligee owed child support can proceed to obtain interest against the obligor on the unpaid child support payments. Before, an award of interest could be obtained if the trial court, within its discretion, considered such an award to be appropriate and the award was reduced to judgment. Now, an award of interest is automatic when requested by the person owed child support; there is no need to reduce the award to judgment. See OCGA § 7-4-12.1. OCGA § 7-4-12.1 is remedial in nature, rather than substantive, and thus it should be applied retroactively. *Barnes*, supra.

Moreover, we note that applying the Code section prospectively would unnecessarily create two classes of claimants: claimants owed child support before July 1, 1996 would be required to have the interest award determined by a trial judge and reduced to judgment while claimants owed child support after July 1, 1996 could obtain an award of interest as a matter of right. We see no reason why the legislature, in passing OCGA § 7-4-12.1, would have designed the statute so as to create confusion and classes of citizens with different rights. See *Dismer*, supra.

Rather, it appears that the legislature, by enacting OCGA § 7-4-12.1, was attempting to redefine this remedial law in order to make it more consistent with other Georgia and federal laws. Georgia has attempted to comply with federal law by enacting and amending the Child Support Recovery Act, OCGA § 19-11-1 et seq. See *Dept. of Human Resources v. Bagley*, 142 Ga. App. 353, 354 (235 SE2d 734) (1977); *Dept. of Human Resources v. Jones*, 221 Ga. App. 580 (472 SE2d 331) (1996). 42 USC § 654 (20) provides that "[a] state plan for child and spousal support must — (20) provide, to the extent required by section 666 of this title, that the State (A) shall have in effect all of the laws to improve child support enforcement effectiveness which are referred to in that section, and (B) shall implement the procedures which are prescribed in or pursuant to such laws[.]" 42 USC § 666 (a) (9) sets forth that "[i]n order to satisfy section 654(20) (A) of this title, each State must have in effect laws requiring the use of . . . (9) [p]rocedures which require that any payment of

installment of support under any child support order . . . is (on and after the date it is due) — (A) a judgment by operation of law, with the full force, effect, and attributes of a judgment of the State, including the ability to be enforced. . . ."

Regarding interest on judgments, Georgia law provided that "[a]ll judgments in this state shall bear interest upon the principal amount recovered at the rate of 12 percent per year. . . ." OCGA § 7-4-12. Prior to the adoption of OCGA § 7-4-12.1, Georgia statutory authority established that OCGA § 7-4-12 did not apply to arrearages on unpaid child support and interest could only accrue on unpaid child support if it was within the trial court's discretion. See *Leroux*, supra; *Turner*, supra. The language of OCGA § 7-4-12.1 brought Georgia law into conformance with federal law, and eradicated the illogical result of treating unpaid child support judgments differently from all other judgments in the state. Accordingly, we conclude after an examination of the statute as a whole, together with a review of other federal and state law, that the legislative intent of adopting OCGA § 7-4-12.1 was to have it apply to all child support arrearages, regardless of whether they accrued prior to or after July 1, 1996 when the new Code section became effective. See *Canton Textile Mills v. Lathem*, 253 Ga. 102, 103 (1) (317 SE2d 189) (1984). Therefore, the trial court erred in applying OCGA § 7-4-12.1 prospectively, and Linda Reid is entitled to interest on her ex-husband's unpaid child support arrearage.

*Judgment reversed. Pope, P. J., and Beasley, J., concur.*

DECIDED APRIL 17, 1998 —

*Mann, Bracken, Layng & Knezo, W. Christopher Bracken III*, for appellant.

*Parkerson, Shelfer & Groff, David B. Groff*, for appellee.