## A02A0480. BLAKE v. SPEARS.
(567 SE2d 401)

RUFFIN, Judge.

This case represents the most recent appeal in the ongoing litigation between Randy Blake and Robert Spears. In this incarnation, Blake challenges the trial court's August 17, 2001 order, asserting that the trial court lacked jurisdiction to enter the order. We agree and vacate that order.

The facts of this case are set forth in *Blake v. Spears*,[1] which dealt with two orders — one dated July 5, 2001, and the other dated July 11, 2001. In the July 5 order, the trial court ordered Blake incarcerated for failure to comply with a subpoena to produce evidence. In the subsequent order, the trial court gave Blake "one final opportunity" to comply with the subpoena, threatening severe sanctions if he failed to do so.

On appeal, we affirmed the trial court's refusal to quash the subpoena and upheld that court's authority to incarcerate Blake for his failure to comply with the subpoena.[2] We nonetheless concluded that the trial court erred in entering the second order as the trial court had already granted supersedeas and an appeal was pending.[3] In so doing, we noted "[t]he general rule . . . that a supersedeas suspends all further proceedings in the suit in which the judgment superseded is rendered, such as are based upon and relate to the carrying into effect of that judgment."[4]

On August 9, 2001, while Blake's prior appeal was still pending, the trial court conducted a hearing on whether Blake had complied with the July 11 order. In an order dated August 17, 2001, the trial court concluded that Blake's "production of documents is again incomplete and insufficient, and further [found and concluded] that [Blake] is again in willful contempt of . . . the valid and enforceable Subpoena For The Production Of Evidence." The trial court then entered the ultimate sanction, striking Blake's answer and counterclaim. The trial court also ordered Blake to pay $7,500 in attorney fees and incarcerated him for five days.

Again, Blake appeals, contending that the trial court lacked authority to issue such order while the prior case remained on appeal. For the reasons set forth in our previous decision, we agree. Having granted supersedeas on its July 5, 2001 order to enforce the subpoena to produce, the trial court lacked jurisdiction to issue sub-

---

[1] 254 Ga. App. 21 (561 SE2d 173) (2002).
[2] See id. at 22-26 (1)-(5).
[3] See id. at 26 (6).
[4] (Punctuation omitted.) Id.

sequent orders in an attempt to enforce that subpoena.[5] Accordingly, the August 17, 2001 order is a nullity and must be vacated.[6]

In view of this holding, we need not consider Blake's remaining enumerations of error.

*Judgment vacated. Pope, P. J., and Barnes, J., concur.*

DECIDED JUNE 25, 2002.

*Robert S. Sichel,* for appellant.
*Johnson & Ward, James E. Goodman,* for appellee.

[5] See id.; *Tyree v. Jackson,* 226 Ga. 642-643 (177 SE2d 159) (1970).
[6] See *DeClue v. City of Clayton,* 246 Ga. App. 487, 493 (5) (540 SE2d 675) (2000).