UNITED STATES of America,
Plaintiff–Appellee,

v.

Orvial STEPHENS, Defendant–
Appellant.

No. 03–10359.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2004.*

Filed July 7, 2004.

Mark A. Paige, Phoenix, AR, for the
defendant-appellant.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Peter S. Sexton, Michelle Hamilton–Burns, Office of the United States Attorney, Phoenix, AR, for the plaintiff-appellee.

Before GRABER, W. FLETCHER, Circuit Judges, and WEINER, Senior District Judge.**

WILLIAM A. FLETCHER, Circuit Judge:

Defendant–Appellant Orvial Stephens appeals a restitution order of $84,751.35, entered after he pled guilty to failing to pay a child support obligation in violation of 18 U.S.C. § 228. We hold that the district court properly required Stephens to pay interest on past-due child support payments and that it correctly calculated the amount of interest. We further hold that the district court correctly concluded that Stephens is required to pay part of the restitution award to the State of Georgia. Finally, we hold that payment should be made by Stephens to the State of Georgia only after the amount owed to the child's mother under the order is paid in full.

## I. Background

Stephens married Sylvia Garcia in May 1981 and subsequently adopted their son, Joshua James Ray Stephens. Soon thereafter, the couple entered into a divorce agreement, which became final in June 1990. Pursuant to the divorce agreement, Stephens agreed to pay $75 per week in child support until Joshua reached the age of 18. Following his divorce from Garcia,

Stephens moved to Arizona and failed to make the promised child support payments. During the time Stephens failed to make child support payments, the State of Georgia provided Garcia with public assistance on behalf of Joshua. The United States brought this criminal action to enforce Stephens's obligation to make the payments and to recover past payments that were still owing.

In June 2002, Stephens was charged with one count of Failure to Pay Legal Child Support Obligation in violation of 18 U.S.C. § 228(a)(3). A superseding information was filed on January 23, 2003, to which Stephens pled guilty. The information alleged that from July 1998 to January 2003, Stephens, while residing in another state, willfully failed to pay a child support obligation established in the Superior Court of Georgia. The information further contained allegations that the amount due was in excess of $5,000 and that this amount had been due for more than one year.

The plea agreement provided that, in exchange for a sentence of five years' probation and no prison time, Stephens would pay mandatory restitution in the amount of the past-due child support. Although the pre-sentence report recommended that the amount of restitution should be $47,860, a report prepared by the Department of Human Resources of the State of Georgia ("Human Resources report") determined that Stephens owed $84,751.35 in restitution, of which $46,395 was principal, and the remainder interest on that amount. Over Stephens's objections, the district court adopted the Human Resources report and ordered restitution for the full amount of $84,751.35. The district court

** The Honorable Charles R. Weiner, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

also adopted the Human Resources report's recommendation that $7,207 of that amount be paid to the State of Georgia, representing the amount of public assistance the State had paid to Garcia to support Joshua during the period Stephens was in default.

Stephens timely appealed. He contends that the district court improperly required him to pay interest on the principal or, in the alternative, that the district court erred in calculating the applicable interest. He also contends that the district court erred in requiring him to pay part of the money to the State of Georgia.

## II. Discussion

The Child Support Recovery Act of 1992 ("CSRA") makes it a federal crime if a person "willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 1 year, or is greater than $5,000." 18 U.S.C. § 228(a)(1). A "support obligation" includes "any amount determined under a court order ... pursuant to the law of a State ... to be due from a person for the support and maintenance of a child or of a child and the parent with whom the child is living." *Id.* § 228(f)(3). It is undisputed that the child support arrangement here is a "support obligation" and that Stephens violated the CSRA.

■ If convicted of violating the CSRA, an individual faces mandatory restitution, as well as the possibility of a six-month prison sentence. *See id.* § 228(c)(1), (d). The amount of restitution to be paid is "equal to the total unpaid support obligation as it exists at the time of sentencing," *id.* § 228(d), and includes the entire amount of child support owed, not just the amount owed for the time period covered in the indictment or information. *United States v. Craig,* 181 F.3d 1124, 1127 (9th Cir.1999). The district court thus properly awarded the full amount of the principal, or $46,395, in the restitution order. Stephens does not challenge this conclusion on appeal.

### A. Interest Payments

■ The parties do dispute, however, whether Stephens should be required to pay interest on the past-due principal. In *United States v. Gill,* 264 F.3d 929 (9th Cir.2001), we held that an order of restitution under the CSRA may include an award of interest. Although the state-court order establishing the child support obligation in that case did not specifically require that interest be paid to the child's mother in the event of default, California law mandated the payment of interest. *Id.* at 931–32. In concluding that California's provision that interest be paid could be enforced in a restitution order pursuant to the CSRA, we interpreted "support obligation" to include interest payments, noting that such payments were " 'determined under a court order ... pursuant to the law of a State ... to be due' for child support." *Id.* at 931–32 (quoting 18 U.S.C. § 228(f)(3)) (emphasis added in our opinion). Further, we concluded that this requirement was consistent with our decision in *Craig,* in which we held that a restitution order properly included child support payments that became delinquent outside the period charged in the indictment. 181 F.3d at 1127. Just as in *Craig,* where we relied on CSRA's provision that the order of restitution be for "an amount equal to the *total* unpaid support obligation as it exists *at the time of sentencing,*" 18 U.S.C. § 228(d) (emphasis added), we concluded in *Gill* that the quoted text required a payment of interest on the past-due payments. 264 F.3d at 932. In addition, we noted that this interpretation of the CSRA furthered the purpose of the Act by reduc-

ing the incentive to move out of state to avoid child support payments. *Id.* at 933. By requiring delinquent defendants to pay interest when prosecuted in federal court under the CSRA, just as they would have to pay interest in the state court of origin, the CSRA eliminates the incentive to flee the state to avoid such payments.

The reasons we gave in *Gill* for a requirement that defendants pay interest support the district court's conclusion that Stephens should pay interest in this case. When the Georgia Superior Court entered an order directing Stephens to pay child support, Georgia state courts had discretion to order interest on past-due child support. *See Turner v. Turner,* 251 Ga. 435, 306 S.E.2d 650 (1983). However, following congressional passage of the CSRA, Georgia passed a law *requiring* Georgia state courts to award interest for past-due child support payments. That law provides:

> All awards of child support expressed in monetary amounts shall accrue interest at the rate of 12 percent per annum commencing 30 days from the day such award or payment is due. This Code section shall apply to all awards, court orders, decrees, and judgments rendered pursuant to Title 19. It shall not be necessary for the party to whom the child support is due to reduce any such award to judgment in order to recover such interest.

Ga.Code Ann. § 7–4–12.1. Like the California statute that was at issue in *Gill,* the Georgia law is mandatory in nature, and therefore should be applied in federal proceedings under the CSRA. At least one Georgia intermediate appellate court, relying in part on legislative history indicating that the statute was passed in order to allow Georgia residents to take advantage of the CSRA, has concluded that the statute acts retroactively. *See Reid v. Reid,* 232 Ga.App. 304, 502 S.E.2d 269, 270 (1998). Therefore, as in California, the "support obligation" that was due at the time of sentencing included, under Georgia law, interest for the past-due payments, including those payments that were due before the enactment of the statute.

The district court accordingly did not err in requiring Stephens to pay interest.[1]

## B. Restitution to the State of Georgia

■ Stephens also challenges the district court's ruling that part of the restitution order should be paid to the State of Georgia. He contends that the CSRA does not authorize anyone but Garcia to receive court-ordered restitution.

Restitution orders pursuant to a conviction under 18 U.S.C. § 228 are governed by the Mandatory Victims Restitution Act of 1996 ("MVRA"), codified at 18 U.S.C. § 3663A. *See* 18 U.S.C. § 228(d). The MVRA directs the court to order "that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). A "victim," in turn, is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* § 3663A(a)(2). Stephens argues that the State of Georgia is not a victim within the meaning of the MVRA and, therefore, is not entitled to restitution under that statute. *Compare United States v. De La Fuente,* 353 F.3d 766, 773 (9th Cir.2003) (United States Postal Service and various Los Angeles County entities considered "victims" under the MVRA because they were directly harmed by the defendant's

---

1. Because we conclude that the district court properly awarded interest in the restitution order for the entire period of delinquency, we also reject Stephens's contention that it improperly calculated the award of interest.

actions of sending a letter supposedly containing anthrax, and therefore restitution order requiring the defendant to reimburse them for clean-up costs was held to be proper), with *United States v. Follet*, 269 F.3d 996, 999 (9th Cir.2001) (free clinic not a "victim" of defendant's rape of his fourteen-year-old niece because it was not "foresee[able]" that the victim would have used a free clinic). However, we need not determine whether the State of Georgia is a "victim" for purposes of the MVRA because we conclude that it is "someone designated by the owner" and thus independently eligible to receive restitution under 18 U.S.C. § 3663A(b)(1)(A).

In addition to the provisions of the MVRA that are directed at orders of restitution in general, the statute provides specific requirements for the two types of crimes covered by the MVRA: crimes involving pecuniary loss and crimes involving bodily injury. For the former, the MVRA provides:

> The order of restitution shall require that such defendant—
>
> (1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense—
>
> (A) return the property to the owner of the property *or someone designated by the owner*; or
>
> (B) if return of the property under subparagraph (A) is impossible, impracticable, or inadequate, pay an amount equal to—
>
> (i) the greater of—
>
> (I) the value of the property on the date of the damage, loss, or destruction; or
>
> (II) the value of the property on the date of sentencing, less
>
> (ii) the value (as of the date the property is returned) of any part of the property that is returned.

*Id.* § 3663A(b)(1) (emphasis added). Thus, for crimes involving "damage to or loss or destruction of property," both the owner of the property and someone designated by that owner can be awarded restitution by the district court.

The MVRA applies by its own terms to three categories of crimes: crimes of violence; offenses against property under Title 18, including those committed by fraud or deceit; and certain offenses involving tampering with consumer products. *See id.* § 3663A(c)(1)(A). We conclude that a failure to pay child support, which is an offense under Title 18, is most reasonably understood to be an "offense against property."

The right to receive child support payments is a property right. *See, e.g., Hill v. Ibarra*, 954 F.2d 1516, 1524 (10th Cir.1992) (holding that, under a judgment requiring the father to pay child support, the mother of the child "clearly does have a state-created property right to current child support"). Garcia had a right, under the divorce agreement, to receive those payments, and she suffered a loss when Stephens failed to make them. Moreover, Garcia is appropriately characterized as the "owner" of the right to receive child support payments. Although we recognize that a failure to pay child support is not within the obvious core meaning of "damage to or loss or destruction of property," we nonetheless conclude that the MVRA includes within its scope failure to make such payments.

Under Georgia law, Garcia assigned part of her right to past-due child support payments to the state. When a parent accepts public assistance for her children in Georgia,

> the recipient shall be deemed to have made an assignment to the [Department of Human Resources of the State of Georgia] of the right to any child sup-

port owed for the child. The department shall be subrogated to the right of the child or children or the person having custody to initiate any support action existing under the laws of this state and to recover any payments ordered by the courts of this or any other state.

Ga.Code Ann. § 19–11–6. By operation of Georgia law, Garcia has thus designated Georgia to receive part of the child–support payments due her. As a result, the State can therefore be given restitution as her designee under the MVRA, even if the State is not itself a "victim." *See* 18 U.S.C. § 3663A(b)(1)(A).

▆ In ordering that part of the amount of restitution be paid directly to the State, the district court did not specify the order in which Garcia and the State should be paid. The MVRA provides that 18 U.S.C. § 3664 governs the procedures for issuing an order of restitution. *See* 18 U.S.C. § 3663A(d). That section provides, in relevant part:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

*Id.* § 3664(j)(1); *see also United States v. Cliatt*, 338 F.3d 1089, 1092 (9th Cir.2003) ("Under § 3664, the court must order restitution to be paid directly to an insurer (or other source of compensation) if there is a 'victim' within the meaning of the MVRA and if the third party compensated the victim for some or all of the victim's loss."). In this case, the State of Georgia gave public assistance to Garcia as a result of Stephens's failure to meet his child support obligation. These payments by Georgia were "compensation[for Garcia's] loss"

within the meaning of § 3664(j)(*l*). Therefore, in accordance with this section, "all restitution ... required [to] be paid to [Garcia]" must be paid before restitution is to be paid to the State of Georgia.

Conclusion

The district court correctly required Stephens to pay interest on the amount of child support he owed Garcia. Further, it correctly held Stephens liable for interest on the entire amount of past-due child support, including interest that had accrued before the enactment of the Georgia statute requiring that courts award parents interest on past-due child support payments. Finally, it correctly required Stephens to pay part of the award to the State of Georgia. On remand, the district court shall include in its order a specification that Stephens must pay the full amount of restitution ordered to Garcia before paying restitution to the State of Georgia. We **AFFIRM** the district court's order and **REMAND** to the district court with instructions to amend its order to specify that Garcia is to be paid before the State of Georgia.

**AFFIRMED and REMANDED.**