**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10089 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00018-ECR-VPC-1 |
| v. | |
| JULIUS HOLLEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Submitted December 4, 2012[**]
San Francisco, California

Before: D.W. NELSON, TASHIMA, and MURGUIA, Circuit Judges.

Julius Holley pled guilty to felony destruction of property within the special

jurisdiction of the United States without a plea agreement. 18 U.S.C. § 1363. The

district court awarded a total of $9,178.92 in restitution for a house and car, owned

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by the victim Edith Tybo, damaged by Holley.  Holley appeals, arguing that the award was not based on substantial evidence and that portions of the award were improperly allocated to Edith Tybo, despite her receipt of compensation from third parties.

The restitution order is reviewed for abuse of discretion.  *United States v. Lazarenko*, 624 F.3d 1247, 1249 (9th Cir. 2010).  Factual findings supporting a determination of restitution are reviewed for clear error, while the legality of such an order, including whether the recipient of restitution is a victim, is reviewed de novo.  *Id.*

Substantial evidence supported the restitution award—a detailed affidavit from the victim and an evidentiary hearing that included testimony from four witnesses.  *See United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) ("[V]ictim affidavits will generally provide sufficient, reliable evidence to support a restitution order.").

Holley's second argument is incorrect because "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution."  18  U.S.C § 3664(f)(1)(B).  However, the award of $342.63 "jointly to Tybo and the Victims of Violence Fund" does not comply with 18

U.S.C. § 3664(j)(1). First, the amount should have been awarded solely to the Fund because it "provided . . . the compensation." 18 U.S.C. § 3664(j)(1). Second, the order should have indicated that "all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation." *Id.*; *see United States v. Stephens*, 374 F.3d 867, 872 (9th Cir. 2004) (remanding to district court to clarify priority of payment under 18 U.S.C. § 3664(j)(1)).

The Restitution Order is vacated in part and affirmed in part:

Part I - Damage to Residence with respect to the $342.63 awarded jointly to Tybo and the Victims of Violence Fund is **VACATED**.

Part I - Damage to Residence with respect to the $1,039.29 awarded jointly to Tybo and the Housing Authority is **AFFIRMED**.

Part II - Damage to Personal Property is **AFFIRMED**.

The case is **REMANDED** for the limited purpose of modifying the restitution order with respect to the $342.63 payment to comply with 18 U.S.C. § 3664(j)(1).

**VACATED** in part, **AFFIRMED** in part, and **REMANDED**.